[Civ. No. 3321.    Second Appellate District, Division One.—December 3, 1920.]

T. GUGLIEMETTI et al., Respondents, v. CHARLES H. GRAHAM et al., Appellants.

[1] Insurance—Indemnity Against Loss—Action Against Insured — Insured as Proper Party Defendant — Construction of Policy.—Where a policy insuring an automobile carrier against loss by reason of damage caused by its vehicles contains a clause providing that the policy will inure to and be for the "benefit and protection of anyone who shall sustain any damage or injury . . . by reason of negligence or misconduct on the part of the driver or operator of the automobile," a primary liability is created against the insurer in favor of persons so injured or damaged; and in an action against the insured for injury or damage so caused, the insurer may be joined as a codefendant.

[2] Id.—Killing of Cows by Automobile—Payment for Injury to Machine—Waiver of Right to Claim Damages for Loss of Cows—Evidence.—In this action for damages suffered by plaintiffs by reason of the killing of two cows which were struck by an automobile stage owned by the defendant stage company, notwithstanding the payment by the plaintiffs to the driver of said

stage of a sum in settlement of a bill for damage to the machine, the evidence as to the conversation which took place at the office of the stage company prior to the making of such payment, coupled with the fact that the plaintiffs immediately brought this action to recover the value of the cows, justified the inference that such payment was not made with the intention or understanding that the plaintiffs were waiving their right to claim damages for the loss of the cows.

APPEAL from a judgment of the Superior Court of San Diego County. S. M. Marsh, Judge. Affirmed.

The facts are stated in the opinion of the court.

Duke Stone for Appellants.

J. K. Stickney and H. W. Scheld for Respondents.

JAMES, J.—Defendants appeal from a judgment entered against them. The action was for damages alleged to have been suffered by the plaintiffs by reason of the killing of two cows. The cows were struck by an automobile stage driven by defendant Graham and owned by the United Stages. The defendant Western Indemnity Company is sued because of its alleged liability on an undertaking given. The undertaking mentioned was one general in form and that commonly in use, and made for the purpose of insuring automobile carriers against loss by reason of damage caused by the operation of their vehicles.

[1] The principal point argued by the appellants is that there was a misjoinder of parties defendant, particularly that the surety company by its undertaking only agreed to respond after judgment against the insured; in other words, that the contract was one of insurance against loss and not one to indemnify against liability. It is true that the contract of insurance, in so far as its terms directly fix the liability of the insurer toward the insured, does bear the general character of a contract of insurance against loss, rather than one to indemnify against liability. However, there are two clauses in the contract which further extend the obligations of the insurer. It provided, in part, that, ". . . this policy otherwise to all its warranties, terms, conditions and provisions not conflicting herewith, is hereby ex-

tended to indemnify the assured against loss arising from the liability imposed by law for damage on account of injury to or destruction of property of any or every description (property of the assured or property of others while in charge of the assured or the assured's employees excepted) resulting from any accident due to the ownership, maintenance or use of any automobile enumerated and described herein. . . . This policy will inure to and be for the benefit and protection of anyone who shall sustain any damage or injury, or to the heirs, personal representatives, administrators, executors or assigns of any such person who may be so damaged or injured or suffer death by reason of negligence or misconduct on the part of the driver or operator of the automobile . . ." The latter clause, we think, is plainly intended to create a primary liability against the insurer in favor of persons injured or damaged. While the general terms of the contract import a contract to indemnify the insured against loss, the term last quoted imports a condition and agreement that, so far as other persons are concerned, the obligations of the policy are available where such persons have sustained "damage or injury." Necessarily, then, a cause of action would arise whenever the damage accrued regardless of whether action had been brought against the insured to enforce collection of the same. That the surety company may be joined as defendant in an action to recover damages where the policy is conditioned similarly to that involved here is held in *Milliron* v. *Dittman et al.,* 180 Cal. 443, [181 Pac. 779]. For the reasons stated, no error was committed by the court in overruling the demurrer of defendants and denying their motion for judgment of nonsuit.

[2] Further contention is made that the evidence does not sustain the findings of the court in that the evidence shows that the claim of plaintiffs was fully adjusted and settled with the defendant United Stages prior to the commencement of this action. We think the evidence does support the findings of the court. It appears that immediately after the cows of the plaintiffs were killed, plaintiffs were called to the office of the stage company and there defendant Graham insisted that they should pay him for the damage done to the automobile when it collided with the cows. By the testimony of plaintiff T. Gugliemetti it appears that he protested against making any payment and insisted that

he was damaged through the act of Graham and that his cows were worth $300 each. He testified that Graham threatened to have him arrested unless he paid for the damage done to the machine. That Graham said, "I will sue you. I will have you arrested," and that plaintiff replied, "All right. You will have me arrested and I will pay you for the fixing of the machine and you will pay for the cows. 'Well,' he says, 'I got nothing; I got ten thousand dollars insurance on that machine,' he says, 'and the indemnity company,' he says, 'is good for it.'" The upshot of the matter was that the plaintiffs paid to Graham $162.50 in settlement of the bill for damage to the machine and immediately brought this action to recover the value of the cows. It is easily inferable from the testimony of this plaintiff that he was ignorant as to whether there was any reciprocal liability and that when he paid to Graham the money he did so without any intention or understanding that he was waiving his right to claim damages for the loss of the cows. The cows were killed through the negligence of the defendant stage company and its driver. Of course, Graham possessed no claim against the plaintiffs capable of enforcement, and collection of the money from the plaintiffs by Graham was without legal right. The evidence as to the payment of this money by the plaintiffs to Graham could have no effect except as a circumstance tending to show an admission of neglect on the part of the plaintiffs in permitting the cows to get in the way of the automobile. However, the court has determined that there was no negligence in that regard imputable to the plaintiffs, and that finding, in view of the evidence presented, must be taken as conclusive.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 31, 1921.

All the Justices concurred, except Lennon, J., who was absent.