[Civ. No. 7621.  First Appellate District, Division One.—January 12, 1932.]

BERTHA MEIGHAN, Respondent, v. FRANK B. BAKER, Appellant.

B. P. Gibbs, Theodore Hale, Barry J. Colding, Carroll B. Crawford and M. Tellefson for Appellant.

ᵢWalker Peddicord for Respondent.

TYLER, P. J.—Action for damages for personal injuries. Plaintiff was riding as a guest of defendant in an automobile owned and operated by him. While traversing the highway, defendant collided with a cement base of a wigwag signal at a railroad crossing, wrecking his car. The accident happened at Schuetzen Park crossing, south of San Jose, about 4 o'clock A. M. In consequence of the collision, plain-

tiff suffered a broken arm and other injuries. The case was tried before a jury, resulting in a verdict in favor of plaintiff in the sum of $1,000. From said verdict and the judgment entered thereunder, defendant appeals.

It is claimed that the evidence is insufficient to justify the verdict; that plaintiff was guilty of contributory negligence as a matter of law. Error of the court in its instructions to the jury is also relied upon for a reversal.

The basis of defendant's liability is founded upon the statutory enactment known as section 141¾ of the California Vehicle Act, as amended in 1929 (Stats. 1929, p. 1580). The provisions of this act in substance provide that any person, who as a guest accepts a ride in any vehicle upon any of the public highways of the state, and while so riding receives an injury, shall have no right of recovery against the operator of the car unless the injury was caused by the intoxication, wilful misconduct or gross negligence of such operator. Nowhere in the act is it attempted to define what constitutes gross negligence.

The main point relied upon for a reversal is that the evidence does not constitute such a degree of negligence as is necessary to establish liability under the provisions of the section of the California Vehicle Act above referred to. It appeared in evidence that defendant had offered to drive plaintiff and her friend, a Miss Carriere, from San Francisco to San Luis Obispo in order that they might attend the funeral of a relative. The party proceeded southerly along the great highway, stopping at the city of San Jose for breakfast. Leaving San Jose, they again traveled in a southerly direction, driving on the main highway until they reached a point where said highway crosses the tracks of the Southern Pacific Company. There is evidence to show that defendant at this time was driving his car at a speed estimated at from forty-five to fifty miles an hour. Defendant attempted to negotiate the turn but, at the rate of speed he was traveling, it was impossible to do so, with the result that his car left the highway, struck the cement base of the wigwag, was overturned and demolished; plaintiff receiving the injuries of which she here complains.

The question here presented is whether or not this evidence sustains the conclusion that defendant was guilty

of gross negligence. The term "gross negligence" is incapable of precise definition and its application and use may in some cases lead to unsatisfactory results, even to the extent of nullifying the limitation of liability contained in the statute. How much care will, in a given case, relieve a party from the imputation of gross negligence or what omission will amount to the charge, is necessarily a question of fact, depending upon a great variety of circumstances which the law cannot exactly define. Generally speaking, the degree of care required under any given circumstances is a question of fact for the court or jury, and not a question of law. (*Malone* v. *Clemow*, 111 Cal. App. 13 [295 Pac. 70].) ■ Here the jury found the negligence to be gross and we cannot say as a matter of law that it was not. (*Krause* v. *Rarity*, 210 Cal. 644, 655 [293 Pac. 62] ; *Merrill* v. *Pacific Transfer Co.*, 131 Cal. 582 [63 Pac. 915].)

■ Nor do we think it can be said that plaintiff was guilty of contributory negligence in continuing to ride with defendant and in not insisting that she be permitted to leave the car. While plaintiff testified she was of the opinion that defendant was driving rather fast, she further testified that she was not a driver and was no judge of speed, and defendant had assured her that there was nothing to prevent him from making good time.

■ Equally without merit is the claim that the court failed to instruct the jury that the negligence of defendant must have been the proximate cause of the injury. The record shows that the jury was fully and fairly instructed upon this subject.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.