[Civ. No. 9571.   Second Appellate District, Division Two.—March 29, 1935.]

OSCAR B. GOODWIN, Respondent, v. ROBERT B. GOODWIN et al., Appellants.

Lasher B. Gallagher for Appellants.

Mark F. Jones and W. L. Engelhardt for Respondent.

WILLIS, J., *pro tem.*—This is an appeal from a judgment for damages entered in favor of a guest on a finding of gross negligence in the operation of an automobile.

On February 12, 1931, in the forenoon, appellant Robert B. Goodwin was driving an automobile, of which appellant Nellie Goodwin was the owner and with her permission, southward on a state highway a few miles south of the city of San Jose. With him as his guest was his uncle, Oscar B. Goodwin, respondent herein. The automobile was being operated on its right side of the road at about twenty-five miles per hour, in a fog which obscured the general view and caused moisture to impair the view through the windshield except where a wiper was working. Under such circumstances appellant—the driver—first saw another automobile approaching from the opposite direction on its right side of the road, at a distance of about one hundred feet and between two and four feet from the white center line of the highway, these two vehicles being the only ones using that part of the highway at the time. To appellant, the other automobile appeared to be weaving in its course on its right side of the road, and thinking that it would come over on his side, he turned his automobile to the left, across the other side, intending to run off among some trees on that side and thus avoid a collision. He testified that he did this because he could see to his left but could not see anything on his right on account of the fog and moisture on the windshield on that side. The other car kept on its course on its right side, with a resulting collision on the east half of the road, the right front part of the opposing automobile striking the right rear corner of appellant's car. As a consequence, re-

spondent was seriously injured, and from the ensuing judgment for damages this appeal is taken.

The complaint charged appellant Robert B. Goodwin with gross negligence under the provisions of section 141¾ of the California Vehicle Act as it then read, and sought to place responsibility also on appellant Nellie Goodwin as owner, under the terms of section 1714¼ of the Civil Code. Appellants raise two points on this appeal, first, that the evidence is insufficient to justify the findings of gross negligence, and second, that no vicarious responsibility of an owner is created by section 1714¼ for injuries to a guest of the driver due to gross negligence of the latter in operating the owner's automobile under permission.

Gross negligence has been defined as "want of slight diligence", as "an entire failure to exercise care, or the exercise of so slight a degree of care as to justify the belief that there was an indifference to the things and welfare of others", and as "that want of care which would raise a presumption of the conscious indifference to consequences". (*Krause* v. *Rarity*, 210 Cal. 644, 655 [293 Pac. 62, 77 A. L. R. 1327].) ▇ When liability attaches only for gross negligence it is for the trier of facts to pass upon the question of whether such negligence exists. (*Krause* v. *Rarity*, *supra*.) How much care will, in a given case, relieve a party from the imputation of gross negligence, or what omission will amount to the charge, is necessarily a question of fact, depending upon a great variety of circumstances which the law cannot exactly define. Generally speaking, the degree of care required under any given circumstances is a question of fact for the court or jury and not a question of law. (*Meighan* v. *Baker*, 119 Cal. App. 582 [6 Pac. (2d) 1015].) This is true even where there is no conflict in the evidence, if different conclusions upon the same subject can be rationally drawn therefrom. (*Malone* v. *Clemow*, 111 Cal. App. 13 [295 Pac. 70].) It is only where the evidence points unerringly to a conclusion as to whether one is guilty of gross negligence or not that the matter becomes a question of law within the power of an appellate court to decide. ▇ Herein the evidence appears to be free of conflict, but it is such that reasonable minds may differ on this question, and in our opinion is sufficient to

show an entire failure to exercise care—a complete lack of even slight diligence to avoid injuring others.

Appellants' second point *in extenso* embraces the contention that section 141¾ of the California Vehicle Act, as originally enacted, limited responsibility for injuries suffered by a guest to the driver of the automobile, in the absence of independent proof of gross negligence of the owner, and that recovery might be had only against the particular person whose gross negligence proximately contributed to the accident, and not against an absent owner. This section and section 1714¼ of the Civil Code were enacted in 1929 and became effective at the same time. Section 141¾ in its pertinent parts provided: "Any person who as a guest accepts a ride in any vehicle, moving upon any of the public highways of the state of California, and while so riding as such guest receives or sustains an injury, shall have no right of recovery against the owner or driver or person responsible for the operation of such vehicle. . . . Nothing in this section contained shall be construed as relieving the owner or driver or person responsible for the operation of a vehicle from liability for injury to or death of such guest proximately resulting from the intoxication, wilful misconduct or gross negligence of such owner, driver or person responsible for the operation of such vehicle." This act did not create a statutory liability for negligence under the circumstances related therein, but merely restricted or limited the existing common law liability of the driver of an automobile for injuries sustained by a guest to circumstances which amount to gross negligence. (*Walters* v. *DuFour*, 132 Cal. App. 72 [22 Pac. (2d) 259, 23 Pac. (2d) 1020].) Section 1714¼ of the Civil Code provides that "every owner of a motor vehicle shall be liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner". The motor vehicle statute deals with the rights of guests and limits the liability of those negligently responsible for his injuries to cases of gross negligence. The Civil Code section deals with the imputed liability of the owner of a motor vehicle for negligence in the operation of his automobile by another with his permission, with certain limitations in

respect to the maximum of damages. Construing the two statutes together, it must be held that the legislature had thereby determined that where the injured party is a guest, the actionable negligence imputed to the owner under section 1714¼ of the Civil Code is limited to gross negligence by section 141¾ of the California Vehicle Act, as those sections existed at the time of the accident herein. And it must be further held that if the operation of the automobile is negligent, regardless of the degree, whether ordinary or gross, the negligence is imputed to the consenting owner by the terms of section 1714¼ of the Civil Code and constitutes the basis of the owner's responsibility, with the limitation for liability in the case of a guest to gross negligence as distinguished from negligence, as those terms are defined in our California law, and with a further limitation in respect to amount of damage recoverable.

The judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 27, 1935.