[Civ. No. 25324.   Second Dist., Div. Two.   Nov. 20, 1961.]

JOSE ESCOBEDO, Plaintiff and Appellant, v. TRAVELERS INSURANCE COMPANY et al., Defendants and Respondents.

Plotkin, Cossman & Delk for Plaintiff and Appellant.

Chase, Rotchford, Downen & Drukker, Otto M. Kaus and Henry J. Bogusi for Defendants and Respondents.

ASHBURN, J.—Plaintiff appeals from judgment rendered for defendants after demurrer to complaint sustained without leave to amend. Primarily the action is one seeking recovery from defendant Travelers Insurance Company of the amount of a judgment previously rendered in favor of Jose Escobedo against Ben Oda for $7,267.15, as damages for the death of a

son, Rudy Escobedo. Defendant insurance company had issued to Takeichi Oda, the owner of the automobile which caused Rudy's death, a liability insurance policy naming Takeichi Oda as insured and covering Ben Oda, who drove the death car with the permission of the owner and as such was an additional insured under the policy. Judgment went in favor of defendant Takeichi Oda in that action. It was entitled *Jose Escobedo and Rita Escobedo,* plaintiffs, v. *Ben Oda, Takeichi Oda, Cruz Salinas, et al.,* defendants, and numbered Comp. C 1392;[1] the judgment was entered on July 5, 1959; no appeal was ever taken therefrom.

The instant action was filed on March 11, 1960. The complaint alleged in Count I that plaintiff Jose Escobedo was the father of Rudy Escobedo, that Takeichi Oda was the owner of a certain Chevrolet automobile and defendant insurance company before the day of the accident had issued to Takeichi Oda "its policy of automobile indemnity insurance, in which said policy of insurance the defendant, TRAVELERS INSURANCE COMPANY, DOE I and DOE II, agreed to indemnify the said TAKEICHI ODA against any liability, together with taxed Court costs and interest, which should arise against the said TAKEICHI ODA in favor of any person or persons who should sustain any bodily injuries by an accident by reason of the ownership, maintenance, or use of said automobile; that said policy of automobile indemnity insurance issued, as aforesaid, by the defendant to the said TAKEICHI ODA was in full force and effect covering the use of said automobile on the 14th day of August, 1955. That said policy provided further that the word 'insured' as used therein should be construed to include in addition to the named insured in the policy any person or persons operating said automobile with permission of the said named insured, TAKEICHI ODA." Also, that Ben Oda was operating said automobile on August 14, 1955, with the permission of the owner and "so negligently, carelessly, willfully, and wantonly operated said 1951 Chevrolet automobile so as to cause injuries and death to RUDY ESCOBEDO." It further alleged the bringing of the above mentioned damage action and the rendition of judgment in favor of plaintiff Jose Escobedo against Ben Oda for said $7,267.15, and that the judgment had become final and remained wholly unsatisfied. In Count II it reiterated the pertinent allegations of the first cause of action and further averred that defendant Takeichi Oda signed

---

[1] Rita Escobedo and Cruz Salinas soon ceased to be of any importance in the case.

and verified Ben's application for an operator's license and that Ben was 17 years old at the time; that Takeichi agreed in writing to be jointly and severally liable with said minor for any damages proximately resulting from the negligence or willful misconduct of said Ben Oda as provided in section 352, Vehicle Code;[2] that said agreement has been in effect at all times since its making on February 17, 1955; that Ben's negligence, carelessness, willful and wanton misconduct were imputed to defendant Takeichi. Judgment against the insurance company and Takeichi Oda was sought in the amount of $7,267.15, plus interest and costs.

The respective defendants interposed general and special demurrers to the instant complaint, uncertainty being specified "in that it cannot be ascertained therefrom: (a) Whether or not on August 14, 1955, Ben Oda operated the automobile owned by Takeichi Oda negligently or carelessly or wilfully or wantonly. (b) Whether or not the judgment in favor of Jose Escobedo against Ben Oda was based upon a finding of negligence, or upon a finding of wilful*l*ness, or upon a finding of wantonness." The demurrers were presented to the same judge who had tried the damage suit and having been submitted were sustained without leave to amend "on the ground that these causes of action have been adjudicated in *Escobedo* Vs *Oda,* Comp C 1392, of which this court has taken judicial notice." This taking of judicial notice of the other case seems to have been upon the court's own motion, a novel proceeding but not one to be disapproved *per se.*

The law on the subject of judicial notice upon demurrer has now been clarified by the opinion in *Flores* v. *Arroyo,* 56 Cal.2d 492, 495-496 [15 Cal.Rptr. 87, 364 P.2d 263], as follows: "Second. *In ruling on a demurrer essentially founded on res judicata, may a court take judicial notice of a prior judgment in a different case even though such judgment or its content is not pleaded in the complaint, provided (a) the judgment is appropriately drawn to the court's attention and (b) the plaintiff has adequate notice and opportunity to be heard on the question of the effect of such judgment?*

"*Yes.* Courts take judicial notice of the public and private official acts of the judicial departments of this state and of the United States and the laws of the several states of the United States and the interpretation thereof by the highest

---

[2] All references to Vehicle Code relate to same as it existed prior to the 1959 recodification.

courts of appellate jurisdiction of such states. [Citing numerous cases.]

"Any statements in prior cases decided by this court contrary to the rule we now approve are overruled [citations].

"Any statements in decisions of the District Courts of Appeal contrary to the rule announced in this decision are disapproved [citations].

"In the present case the prior judgment which was not pleaded in the complaint, but of which the trial court took judicial notice, was appropriately drawn to the attention of that court, and plaintiff had adequate notice and opportunity to be heard on the question of the effect of such judgment. It was therefore proper for the court to give it judicial notice." A reviewing court will take judicial notice of the same matters as a trial court (*Varcoe* v. *Lee,* 180 Cal. 338, 343 [181 P. 223]), but it may require proof or other type of aid toward ascertaining accurately the fact to be so noticed (*Varcoe,* at p. 347; 18 Cal.Jur.2d § 21, p. 442).

The point upon which respondent insurance company here relies is that the judgment in favor of the owner proceeded upon the basis of willful misconduct upon the part of Ben Oda, the driver, which conduct is not imputable to the owner and therefore the former judgment was based upon conduct not covered by the insurance policy which is limited to negligence.

Counsel for both sides concede that the court properly took judicial notice of the former action and in view of this fact we do not examine that question further in the abstract but accept for present purposes the postulate that this was a case for judicial notice. In order to know just what the trial court did judicially notice, we have ordered up the original file in said case of *Escobedo* v. *Oda* (Rules on Appeal, rule 12). So far as that file discloses a basis for the lower court's ruling at bar, we go along with judicial notice. But counsel for both sides talk about the evidence in that former case upon the assumption that the trial judge included it within his judicial cognizance. We cannot go that far. The verdict was rendered in 1959, the judgment in June of that year; no appeal was taken and there is no reason to assume that a transcript of the evidence was ever prepared. To permit the judge to base a ruling of res judicata upon his recollection of evidence given more than a year before would be impracticable and conducive to error and injustice. There would be no way for an appellate court to use the same basis of ruling as the trial judge, or to

know in fact what entered into and controlled his ruling based upon judicial notice. We therefore turn to the clerk's file of the former action as the sole basis for determining whether there was adequate ground for the court's ruling at bar.

As previously stated, respondent insurance company's basic contention is that it was adjudged in the former action that Ben Oda was guilty of willful misconduct, which adjudication if made would absolve the insurer at bar.

It appears from said former file that the amended complaint alleged negligence and mere violation of section 482, Vehicle Code, on the part of defendant Ben Oda; the answers did not raise the issue of willful misconduct, but the pretrial conference order says: "In addition to the contentions set out in the previously incorporated pre-trial statement, the defendant, TACHECHI ODA, contends that the acts of the defendant, BEN ODA, at the time of this incident, were intentional, both as to causing the incident and as to the violation of *Section* 482 of the *Vehicle Code* as contended by plaintiff, and also that the same were willful and wanton. The defendant, BEN ODA, contends that any conduct committed by him during the incident was not only not intentional but also that he committed no negligent conduct. . . . Plaintiff contends that both defendants were negligent and that the decedent was not negligent." So the issue was in the case.

The court gave no instruction on willful misconduct (or intentional infliction of wrong) but did instruct as follows: "It has been stipulated by all parties to this lawsuit that the failure of defendant, BEN ODA, to stop the automobile after striking RUDY ESCOBEDO was a proximate cause of the death of RUDY ESCOBEDO. In view of this stipulation and in view of other evidence in the case, you are directed to find that defendant, BEN ODA, is responsible for all damages, if any, caused by the wrongful death of the deceased." Undoubtedly this was based upon *Brooks* v. *E. J. Willig Truck Transp. Co.,* 40 Cal.2d 669, 678 [255 P.2d 802], wherein it is said: "The court instructed the jury that Farnsworth, knowing Brooks had been struck, was under a duty to stop immediately and render such aid as was reasonably necessary to save his life or prevent aggravation of his injuries, that judgment should be for plaintiffs if Farnsworth's breach of the duty was a proximate cause of the death of Brooks, and that the duty to stop and render aid did not depend upon the negligence of Farnsworth in causing the accident or the freedom of Brooks

from contributory negligence but existed irrespective of any legal responsibility for the original injuries. This is a correct statement of the law. One who negligently injures another and renders him helpless is bound to use reasonable care to prevent any further harm which the actor realizes or should realize threatens the injured person. This duty existed at common law although the accident was caused in part by the contributory negligence of the person who was injured. . . . Failure to stop and render aid constitutes negligence as a matter of law, in the absence of a legally sufficient excuse or justification.''

The court submitted the cause to the jury upon a special verdict (without a general verdict). The jurors were told that their answers to the questions therein propounded ''will determine whether under the law the father of Ben Oda is also answerable for the damages, if any, sustained by plaintiff.'' The pertinent portions of that special verdict as returned by the jury read as follows:

''I. MARK ONE OF THE FOLLOWING: The conduct of defendant, BEN ODA, in striking RUDY ESCOBEDO was: (X) Negligent ( ) Intentional.

''II. YOU ARE DIRECTED TO FIND that defendant, BEN ODA, is legally liable to plaintiff for damages caused plaintiff by the failure of defendant, BEN ODA, to stop and render aid after striking RUDY ESCOBEDO. The amount of said damages are to be set forth below in Section 'V,' below.

''III. MARK ONE OF THE FOLLOWING: The entrustment by TACHECHI ODA of the 1951 Chevrolet to defendant, BEN ODA, on the night in question was: ( ) Negligent and proximately contributed to the cause of the collision. (X) Negligent and did not proximately contribute to the cause of the collision. ( ) Not negligent.

''IV. ANSWER 'YES' OR 'NO': Did the deceased, RUDY ESCOBEDO, commit negligence which proximately contributed to the cause of the collision. Answer: Yes.''

Though the first question was directed to negligence ''in striking Rudy'' we think that the jurors hardly could have construed it so narrowly because (1) they were directed in paragraph II of the special verdict that Ben Oda's failure to stop and render aid rendered him liable for the death of Rudy Escobedo; (2) the instructions given before submission of the special verdict to the jurors had told them in effect that the ultimate question to be answered by them was whether Ben's misconduct was chargeable to the owner of the car,

Takeichi Oda; as the case was presented to them interrogatory I had no place in the special verdict except to aid in answering that ultimate question. We think the only reasonable construction of the special verdict is that the jurors found negligence and rejected willful misconduct, or its equivalent intentional misconduct, on Ben Oda's part.

The court later signed a document bearing the caption "Conclusions of Law drawn from Special Verdict (Points and Authorities Attached)" from which we quote the following recitals: "All parties stipulated that the failure of Ben Oda to stop after striking the decedent was a proximate cause of the death of the decedent Rudy Escobedo. Further, it was undisputed that the acts of Ben Oda in failing to stop and render aid constituted a violation of California Vehicle Code Section 482 in that the defendant Ben Oda knew he caused injury to the decedent Rudy Escobedo after he struck him with the automobile, and that the defendant Ben Oda failed to stop and render aid, all of which conduct was without excuse or justification. FURTHER, That it was stipulated to by all counsel that the defendant Tachechi Oda was the registered owner of the vehicle being driven by defendant Ben Oda and that the defendant Ben Oda was driving the said automobile with the consent and permission of the owner-defendant Tachechi Oda." By way of conclusions the court stated that Ben Oda's failure to stop and render aid was a violation of section 482, Vehicle Code, was the proximate cause of the death, and "therefore the said defendant Ben Oda is legally liable to plaintiff"; also that his violation of his statutory duty was not imputed to the owner, Takeichi Oda, "in that the said conduct of Ben Oda constituted more than mere or ordinary negligence." Judgment was ordered and rendered in favor of Takeichi Oda.

Although this document recited the jury's finding that Ben Oda "was negligent in striking the decedent" the judge did not expressly approve or adopt that finding and he held that the driver's conduct was not imputable to the owner because it "constituted more than mere or ordinary negligence." On a page following the judge's signature to these conclusions, and obviously a part of the same document, is a memorandum containing the following: "An owner of a vehicle is only liable for the ordinary negligence of the driver under Vehicle Code Section 402. . . . [S]uch vicarious liability in the absence of a principal-agent relationship between the owner and the driver can only be imputed where the driver's conduct con-

stituted no more than mere ordinary negligence.'' Cited are *Benton* v. *Sloss,* 38 Cal.2d 399 [240 P.2d 575], and *Mish* v. *Brockus,* 93 Cal.App.2d 770 [218 P.2d 849], which deal with willful misconduct. They do not support the propositions just quoted from the memorandum. It seems evident that the court did not repudiate the jury's finding of negligence and absence of willful misconduct but did follow the mistaken notion that conduct constituting something more than ''mere or ordinary negligence'' (i.e., gross negligence) is not imputable to the owner. The law is to the contrary. Gross negligence is to be imputed under this statute. So held in *Goodwin* v. *Goodwin,* 5 Cal.App.2d 644, 647 [43 P.2d 332].[3] Respondents' brief says: ''The real, if not the only, question on this appeal is whether or not, after taking judicial notice of the file in the first action, the trial court correctly decided that Ben Oda's conduct, which resulted in the judgment against him, was not insurable because it was wilful. . . . If it had been merely gross negligence, Takeichi Oda would have been liable under Section 402 (17150). *Goodwin* v. *Goodwin,* 5 Cal.App.2d 644 at 647 [43 P.2d 332].''

The jury having rejected willful misconduct and placed Ben Oda's liability on the ground of negligence, and the judge having spoken also in terms of negligence, it cannot be said that he exonerated Takeichi Oda on the basis of willful misconduct. It is immaterial what may have been in his mind. The document which alone speaks to us sounds in negligence only. ''Failure to stop and render aid constitutes negligence as a matter of law, in the absence of a legally sufficient excuse or justification.'' (*Brooks* v. *E. J. Willig Truck Transp. Co.,* *supra,* 40 Cal.2d 669, 679.) Ben Oda, additional insured, was found guilty of negligence, that negligence should have been imputed to Takeichi Oda and he should have been held liable. The fact that he was erroneously exonerated does not support the claim that there was a finding of willful misconduct and, as both sides assert or assume, such a finding is essential to affirmance here.

The ''additional insured'' under an automobile liability policy is covered just as is the named insured. In *Continental Cas. Co.* v. *Phoenix Constr. Co.,* 46 Cal.2d 423, 436 [296 P.2d 801, 57 A.L.R.2d 914], the Supreme Court said: ''It is, how-

---

[3]While this case dealt with § 141¾ of the Vehicle Act [Stats. 1929, p. 1580] and § 1714¼ of the Civil Code, those sections have been carried into §§ 403 and 402 respectively of the Vehicle Code, and the reasoning of *Goodwin* v. *Goodwin* is equally applicable thereto.

ever, our conclusion reached in the light of all pertinent provisions of the law and the terms of the policy, that Transport's coverage fairly includes Mason's [the driver's] operation of Oilfields' truck and that its liability is direct to Mason as an insured as well as to Oilfields as a named insured."

*Johnson* v. *Holmes Tuttle Lincoln-Mercury, Inc.*, 160 Cal. App.2d 290, 298 [325 P.2d 193]: "The statute [Ins. Code, § 11580] is a part of every policy and creates a contractual relation which inures to the benefit of any and every person who might be negligently injured by the insured as completely as if such injured person had been specifically named in the policy. . . . The statute in effect makes the tortfeasee a creditor beneficiary. It makes the benefit of the policy available to the creditor beneficiary tortfeasee. (See 27 Cal.L.Rev. 497, 529.)" Accord: *Osborne* v. *Security Ins. Co.*, 155 Cal. App.2d 201, 210 [318 P.2d 94].

Although the insurer may not cover willful misconduct (Ins. Code, § 533), it must pay the judgment where negligence is established on the part of the driver who is an additional insured. The policy so provides (Ins. Code, § 11580).

It cannot be held that the former judgment exonerated the owner of the automobile because of willful misconduct of Ben Oda. It must be concluded that Ben Oda was found guilty of negligence and that that was the basis of the judgment against him. The fact that the owner was erroneously relieved of liability is immaterial. (*Cf. Ford* v. *Providence Washington Ins. Co.*, 151 Cal.App.2d 431, 438 [311 P.2d 930]; *Bachman* v. *Independence Indemnity Co.*, 112 Cal. App. 465, 485 [297 P. 110, 298 P. 57]; *Gugliemetti* v. *Graham*, 50 Cal.App. 268, 270 [195 P. 64].) The insurer undertook to protect the additional insured and this it must do.

Though it may be said that this opinion disregards some concessions made by appellant as to applicable law, it is nevertheless true that a reviewing court is never bound by concessions of counsel as to the law (*Desny* v. *Wilder*, 46 Cal.2d 715, 729 [299 P.2d 257]; *American Auto. Ins. Co.* v. *Seaboard Surety Co.*, 155 Cal.App.2d 192, 200 [318 P.2d 84]), and is " 'at liberty to decide a case upon any points that its proper disposition may seem to require, whether taken by counsel or not.' " (*Burns* v. *Ross*, 190 Cal. 269, 276 [212 P. 17]; 4 Cal.Jur.2d § 483, p. 317.)

The second count of the instant complaint brings forward a new ground of alleged liability of defendant Takeichi

Oda, liability as the signer of a minor's application for a driver's license (Veh. Code, § 352). The facts were available to the plaintiff at the time of the former action. The issue could have been there presented and disposed of. The case went to final judgment in favor of said defendant and plaintiff cannot relitigate the matter merely because he has evolved a new theory of action. ▉ *Sutphin* v. *Speik*, 15 Cal.2d 195, 202 [99 P.2d 652, 101 P.2d 497] : "If the matter was within the scope of the action, related to the subject-matter and relevant to the issues, so that it *could* have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged. The reason for this is manifest. A party cannot by negligence or design withhold issues and litigate them in consecutive actions. Hence the rule is that the prior judgment is *res judicata* on matters which were raised or could have been raised, on matters litigated or litigable."

*Triano* v. *F. E. Booth & Co., Inc.,* 120 Cal.App. 345, 347 [8 P.2d 174] : "When he elected to try his case on one theory of liability, he was barred from again trying it upon another ground. To tolerate the practice contended for would prolong litigation indefinitely." This language was quoted with approval in *Panos* v. *Great Western Packing Co.,* 21 Cal.2d 636, 639 [134 P.2d 242].

The judgment is reversed as to defendant Travelers Insurance Company and affirmed as to defendant Takeichi Oda.

Fox, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied December 14, 1961, and the petition of respondent Travelers Insurance Company for a hearing by the Supreme Court was denied January 17, 1962.