[Civ. No. 27350. Second Dist., Div. Four. May 20, 1964.]

JOSE ESCOBEDO, Plaintiff and Appellant, v. TRAVELERS INSURANCE COMPANY, Defendant and Appellant.

Chase, Rotchford, Downen & Drukker, Henry A. Schultz and Peter Andrew Notaras for Defendant and Appellant.

Plotkin, Cossman & Delk for Plaintiff and Appellant.

BURKE, P. J.—Pedestrian Rudy Escobedo, a minor, was killed when struck by an automobile driven by another minor, Ben Oda, who was driving an automobile owned by his father, Takeichi Oda, and with the father's consent. Ben Oda failed to stop and render aid. Jose Escobedo, father of the deceased Rudy, brought a wrongful death action and secured a judgment against Ben Oda for $7,267.13 and costs. This judgment became final. Takeichi Oda's insurer, Travelers Insurance Company, refused to pay the judgment and the present action was filed, pursuant to section 11580 of the Insurance Code, to enforce payment. In this new action Takeichi Oda, the insured father, was added as a defendant; a second cause of action was added alleging liability of the father based upon his cosigning his son's license application. The defendants demurred and the demurrers were sustained without leave to amend. Plaintiff appealed and the case was reversed as to Travelers and remanded for further proceedings; Oda was discharged because the cause of action alleged against him was precluded by res judicata (*Escobedo* v. *Travelers Ins. Co.*, 197 Cal.App.2d 118 [17 Cal.Rptr. 219].)

Travelers thereupon filed its answer. Plaintiff moved for summary judgment and the motion was granted for judgment in the sum of $8,920.88 including interest and costs. Travelers' maximum liability coverage was $5,000. Upon motion under Code of Civil Procedure, section 473, a modified judgment for $6,367.02, including interest and costs, was entered against Travelers. From the judgment as so modified, Travelers appeals.

On the present appeal, defendant contends that the act of Ben Oda in failing to stop and render aid was one of wilful misconduct; that, being one of wilful misconduct, it was legally uninsurable, thereby exonerating defendant; that the character of Ben Oda's act was not determined, either factually or legally, in the original case; that it could not

have been determined factually in the proceedings on demurrer in the present case; that it was not determined as a matter of law in the prior appellate proceedings reversing the original order sustaining defendants' demurrers; and, therefore, that the character of such act is a triable issue of fact in the present case, making a summary judgment improper.

At the original trial for wrongful death, the court submitted the cause to the jury upon a special verdict, the pertinent portions of which, as returned by the jury, read as follows:

" 'I. MARK ONE OF THE FOLLOWING: The conduct of defendant, BEN ODA, in striking RUDY ESCOBEDO was: (X) Negligent ( ) Intentional.

" 'II. YOU ARE DIRECTED TO FIND that defendant, BEN ODA, is legally liable to plaintiff for damages caused plaintiff by the failure of defendant, BEN ODA, to stop and render aid after striking RUDY ESCOBEDO. The amount of said damages are to be set forth below in Section "V," below.

" 'III. MARK ONE OF THE FOLLOWING: The entrustment by TAKEICHI ODA of the 1951 Chevrolet to defendant, BEN ODA, on the night in question was: ( ) Negligent and proximately contributed to the cause of the collision. (X) Negligent and did not proximately contribute to the cause of the collision. ( ) Not negligent.

" 'IV. ANSWER "YES" OR "NO": Did the deceased, RUDY ESCOBEDO, commit negligence which proximately contributed to the cause of the collision. Answer: Yes.' "

The court later signed "conclusions of law drawn from special verdict" pursuant to stipulation of all parties and concluded, generally:

(a) That the failure of Ben Oda to stop and render aid was a violation of section 482 (20003)█ of the Vehicle Code, a proximate cause of the death of Rudy Escobedo, and made Ben Oda legally liable to the plaintiff in the sum of $7,267.15, that being the amount which the jury had found to be the damages.

(b) That the violation of section 482 (20003)█ was not imputed to Takeichi Oda under section 402 (17150)█ of the Vehicle Code, since it constituted more than mere or ordinary negligence.

(c) That Takeichi Oda should have judgment against the plaintiff.

As stated, judgment was entered thereupon for the plaintiff against Ben Oda. The complaint in this case was then filed. Relying upon the jury's verdict and such findings of fact and conclusions of law that the violation by Ben Oda in failing to stop and render aid was a proximate cause of the death, and the further contention that the nature of the violation was necessarily wilful and so created an estoppel, the defendants here demurred and the court sustained the demurrers without leave to amend. The former appeal followed, and now comes into focus. █ On that appeal (*Escobedo* v. *Travelers Ins. Co.*, 197 Cal.App.2d 118 [17 Cal.Rptr. 219]) a thorough review of the facts and law was undertaken by the appellate court. Reference is made to its particular holding pertinent here, included in the footnote,[1] which, after noting

---

[1]"Although this document recited the jury's finding that Ben Oda 'was negligent in striking the decedent' the judge did not expressly approve or adopt that finding and he held that the driver's conduct was not imputable to the owner because it 'constituted more than mere or ordinary negligence.' On a page following the judge's signature to these conclusions, and obviously a part of the same document, is a memorandum containing the following: 'An owner of a vehicle is only liable for the ordinary negligence of the driver under Vehicle Code section 402. . . . [S]uch vicarious liability in the absence of a principal-agent relationship between the owner and the driver can only be imputed where the driver's conduct constituted no more than mere ordinary negligence.' Cited are *Benton* v. *Sloss*, 38 Cal.2d 399 [240 P.2d 575], and *Mish* v. *Brockus*, 97 Cal.App.2d 770 [218 P.2d 849], which deal with willful misconduct. They do not support the propositions just quoted from the memorandum. It seems evident that the court did not repudiate the jury's finding of negligence and absence of willful misconduct but did follow the mistaken notion that conduct constituting something more than 'mere or ordinary negligence' (i.e., gross negligence) is not imputable to the owner. The law is to the contrary. Gross negligence is to be imputed under this statute. So held in *Goodwin* v. *Goodwin*, 5 Cal.App. 2d 644, 647 [43 P.2d 332]. Respondents' brief says: 'The real, if not the only, question on this appeal is whether or not, after taking judicial notice of the file in the first action, the trial court correctly decided that Ben Oda's conduct, which resulted in the judgment against him, was not insurable because it was wilful. . . . If it had been merely gross negligence, Takeichi Oda would have been liable under section 402 (17150). *Goodwin* v. *Goodwin*, 5 Cal.App.2d 644 at 647 [43 P.2d 332].'

"The jury having rejected willful misconduct and placed Ben Oda's liability on the ground of negligence, and the judge having spoken also in terms of negligence, it cannot be said that he exonerated Takeichi Oda on the basis of willful misconduct. It is immaterial what may have been in his mind. The document which alone speaks to us sounds in negligence only. 'Failure to stop and render aid constitutes negligence as a matter of law, in the absence of a legally sufficient excuse or justification.' (*Brooks* v. *E. J. Willig Truck Transp. Co.*, *supra*, 40

that the jury rejected wilful misconduct, which is not insurable, and based liability on negligence, held that the former judgment did not exonerate the owner of the automobile because of wilful misconduct of Ben Oda. (See footnote.) This conclusion of the appellate court, while one of law, determined, in effect, that the trial court had so found as a finding of fact.

The appellate court decided that the trial court had erroneously based its judgment on the belief that Ben Oda's conduct constituted something more than ''mere or ordinary negligence'' and that such was not imputable to the owner. In so deciding the appellate court specifically considered the distinction between fact and law in its review and noted that the trial judge on the demurrer had taken judicial notice of the file in the original action; that both counsel talked about the evidence on the assumption that the judge, on demurrer, who had also tried the case itself before the jury, took such evidence within his judicial cognizance; that any such consideration of evidence would have been improper. The court stated: ''To permit the judge to base a ruling of res judicata upon his recollection of evidence given more than a year before would be impracticable and conducive to error and injustice. There would be no way for an appellate court to use the same basis of ruling as the trial judge or to know in fact what entered into and controlled his ruling based upon judicial notice.'' So the appellate court resorted to the full record,

Cal.2d 669, 679 [255 P.2d 802].) Ben Oda, additional insured, was found guilty of negligence, that negligence should have been imputed to Takeichi Oda and he should have been held liable. The fact that he was erroneously exonerated does not support the claim that there was a finding of willful misconduct and, as both sides assert or assume, such a finding is essential to affirmance here.

'' . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

''Although the insurer may not cover willful misconduct (Ins. Code, § 533), it must pay the judgment where negligence is established on the part of the driver who is an additional insured. The policy so provides (Ins. Code, § 11580).

''It cannot be held that the former judgment exonerated the owner of the automobile because of willful misconduct of Ben Oda. It must be concluded that Ben Oda was found guilty of negligence and that that was the basis of the judgment against him. The fact that the owner was erroneously relieved of liability is immaterial. (Cf. *Ford* v. *Providence Washington Ins. Co.*, 151 Cal.App.2d 431, 438 [311 P.2d 930]; *Bachman* v. *Independence Indemnity Co.*, 112 Cal.App. 465, 485 [297 P. 110, 298 P. 57]; *Gugliemetti* v. *Graham*, 50 Cal.App. 268, 270 [195 P. 64].) The insurer undertook to protect the additional insured and this it must do.''

ordering up the original file in *Escobedo* v. *Oda,* to see what the trial court did judicially notice. There is no need to restate the reasoning in the appellate review to which reference is made. It is clear that the specific holding therein was that the original judgment was based on negligence and not upon wilful misconduct. It did not impute liability to Ben Oda's father as it should have done, as he *was* liable on imputed negligence.

This appears to present a paradox in view of the finding that Rudy Escobedo, plaintiffs' son, was found guilty of contributory negligence. But the negligence involved in failing to render aid is independent of the negligence causing the accident or the freedom of Rudy Escobedo from contributory negligence, and existed irrespective of any legal responsibility for the original injuries. (*Brooks* v. *E.J. Willig Truck Transp. Co.,* 40 Cal.2d 669, 678 [255 P.2d 802].)

Wilful misconduct was determined, expressly and negatively, as an issue in the case, and was concluded by the finality of that judgment and confirmed by the prior appeal herein. The holding, therefore, is ''the law of the case'' as to such issue in this proceeding and cannot now serve as an exoneration of defendant from its liability for the insurable negligence expressly found by the jury to have been present. Accordingly, defendant is precluded from maintaining that wilful misconduct remains as a triable issue.

Other contentions of defendant are supplemental and repetitive; that Ben Oda, in failing to render aid at the scene of the accident, was uninsured; that the appellate court concluded that the act could have been wilful; that plaintiff characterized such act as wilful in his pleading (he also characterized it as negligent); that ''ownership, maintenance or use'' of the automobile does not contemplate nor include failure to render aid; that such failure to render aid was illegal and such illegal purpose contravened the statute and was sufficient to avoid the insurance coverage and relieve defendant from liability. Such contentions were properly considered and concluded by the previous trial and appeal.

Worth mentioning, however, is appellant's statement that if the appellate court had concluded that there remained no more to be done or no triable issues to be litigated it could have ordered judgment for the plaintiff; instead it merely reversed the judgment for the defendant which commands a new trial and infers the existence of triable issues. But at the time the appellate court ruled on the matter, no

answer had as yet been filed; a complaint had been filed in this action to which a demurrer had been interposed, and the trial court sustained the demurrer without leave to amend. The appellate court could not have reversed and ordered judgment for plaintiff because there might have been a defense on the policy which had not as yet been raised as an issue. After the answer was filed and it was apparent that defendant was again attempting to defend on the basis of claimed issues that had already been litigated and determined, the "law of the case" applied, and the trial court properly granted the summary judgment.

Similarly, defendant contends that "Willfulness and negligence are contradictory terms. If conduct is negligent, it is not willful; if it is willful, it is not negligent." However, two aspects of wilfulness are involved here and they are distinguishable with respect to their objectives. ▉ The type of wilfulness which exempts an insurance carrier from liability is that which is exemplified by a driver wilfully running down a pedestrian in the street for whatever reason. If he negligently runs him down but not wilfully, then the insurance is applicable. The same distinction applies to the act of such a driver in leaving the scene of the accident. ▉ If he leaves the scene of the accident without wilfully intending injury to the victim but does so negligently, the insurance covering his act of negligence is applicable. That he left the scene wilfully and failed to render aid and, therefore, committed a violation of law, does not connote wilfulness to injure. For the violation of law, he is subject to penalty, as was true in this case, but it would be as illogical to conclude from that fact that he wilfully intended to injure the victim as it would be to conclude that because his car struck the victim the injury to the victim was wilful.

▉ The act of leaving the scene of the accident and failing to render aid to the injured party was wanton, reckless and gross negligence, and it was so considered by the jury, but standing alone it is not evidence of a wilful intent to injure the victim which would be prerequisite to exonerate defendant from liability.

A cross-appeal was also filed herein. Judgment was originally entered against defendant Travelers for $8,891.68 and for the reasons stated before was modified by the court and reduced to $6,337.82. Cross-appellant Jose Escobedo contends the court was without jurisdiction to so modify because (1) section 594 of the Code of Civil Procedure provides for a

five-day notice before trial of a factual issue, (2) the trial court abused its discretion in shortening the time for such notice to 21 hours, (3) the provisions of section 473 of the Code of Civil Procedure were disregarded in that no copy of the intended answer accompanied the application for relief, and (4) the matter was concluded by res judicata. These points were raised before the court when the matters were heard on motion, to no avail. They are reasserted here.

This accident occurred on August 14, 1955, almost nine years ago. Whatever may be said in justification of such protracted litigation, the present appeal borders on the frivolous. ■ Nevertheless, in the matter of modification of judgment, to conform to the limits of defendant's liability under its contract, we cannot interpret such allowance, opposed merely on technical grounds, to be an abuse of discretion.

The judgment of June 29, 1962, as modified, is affirmed. Costs of this appeal are awarded respondent. No costs are allowed on the cross-appeal.

Jefferson, J., and Kingsley, J., concurred.