[Civ. No. 9258.   Fourth Dist., Div. Two.   July 31, 1969.]

PATRICIA KARL, a Minor, etc., Plaintiff and Respondent, v. C. A. REED LUMBER CO., INC., Defendant and Appellant.

Thompson & Colegate, Michael R. Raftery and Richard C. Field for Defendant and Appellant.

Carroll & Anderson and Allen J. Kent for Plaintiff and Respondent.

KERRIGAN, J.—Following the rendition of a jury verdict and the entry of a judgment for the defendant in a wrongful death action, the court granted plaintiff's motion for a new trial on the ground that it erred in refusing to instruct the jury of the duty of a motorist to stop at the scene of an accident and render aid to persons injured in the accident. (Veh. Code, §§ 20001, 20003.) During trial the court had ruled outside the jury's presence that evidence regarding failure to stop and render aid could not be introduced since violation of the statute had not been raised as an issue in the complaint or the pretrial order.

This is an action by Patricia Karl, a minor of the age of three years at the time of the accident, acting by her guardian ad litem, to recover damages for the wrongful death of her mother. The mother was killed about 4 a.m. on December 22, 1963, in a collision between a Volkswagen driven by the minor's father and a truck-trailer operated by Artis Colvin, an agent of the defendant C. A. Reed Lumber Company, Inc. The minor, her mother and brother were riding in the Volkswagen at the time of the collision. The father, mother and brother were killed in the accident, the minor being the sole survivor of those occupying the Volkswagen. Both vehicles were traveling in an easterly direction on U.S. Highway 99 in Riverside County when the Volkswagen collided with the rear of the truck-trailer eight-tenths (.8) of a mile west of the Washington Avenue overpass.

The truck driver's version of the occurrence took the following form: He felt a "jolt" which caused him to be thrown against the truck's steering wheel; not seeing any lights to his rear, he thought that his load—a large gang saw—had shifted; although he slowed down, he did not stop until he reached a point two-tenths (.2) of a mile west of the Washington Avenue turn-off; after inspecting his load, he noticed glass on the rear of the trailer; while he was aware of his possible involvement in an accident, he did not return to the point of impact.

Defendant maintains that the stopping-and-aiding instructions were properly refused for two reasons: (1) The complaint and pretrial order did not raise the issue of defendant's post-collision negligence; and (2) the evidence was insufficient to justify instruction on the issue.

■ The law requires that the driver of a vehicle involved in an accident resulting in injury to any person shall immediately stop the vehicle at the scene of the accident and, if able, render aid and reasonable assistance to any person injured in the accident. (Veh. Code, §§ 20001,[1] 20003.[2]) The purpose of the statute is to prohibit drivers from leaving injured persons in distress and danger from lack of medical care, and from seeking to avoid civil or criminal liability resulting from the accident. (*People* v. *Jordan,* 214 Cal.App.2d 400, 402 [29 Cal. Rptr. 619] ; *People* v. *Kaufman,* 49 Cal.App. 570, 573 [193 P. 953].) ■ The statutory requirement of stopping and rendering aid to the injured is merely a codification of the common law objective of preventing further harm which the actor realizes or should realize threatens the injured person. (*Brooks* v. *E. J. Willig Truck Transp. Co.,* 40 Cal.2d 669, 679 [255 P.2d 802].) ■ This duty is imposed upon a driver regardless of fault, and a violation gives rise to civil liability if it is the proximate cause of further injury or death. (*Brooks* v. *E. J. Willig Truck Transp. Co., supra.*) ■ Failure to stop and render aid constitutes negligence as a matter of law, in the absence of a legally sufficient excuse or justification. (*Escobedo* v. *Travelers Ins. Co.,* 197 Cal.App.2d 118, 124 [17 Cal.Rptr. 219].) Consequently, failure to stop and render aid after an injury-causing accident may constitute an independent wrong irrespective of any legal responsibility for the original injury. (*Brooks* v. *E. J. Willig Truck Transp. Co., supra; Escobedo* v. *Travelers Ins. Co.,* 227 Cal. App.2d 353, 359 [38 Cal.Rptr. 645] ; *Summers* v. *Dominguez,* 29 Cal.App.2d 308, 312-313 [84 P.2d 237].)

■ Defendant maintains that the pleadings and pretrial order did not raise the issue of the defendant's negligence in failing to stop and render aid, but only charged the defendant's driver with negligent operation of the truck-trailer at the time of the collision. ■ However, negligence may be alleged in general terms, which means that it is sufficient to state that an act was negligently done without stating the particular omission which rendered it negligent. (*McBride* v. *Atchison, Topeka & S. F. Ry. Co.,* 44 Cal.2d 113, 119 [279 P.2d 966].) ■ Under general allegations of negligence, a plaintiff is entitled to prove any act which constituted negligence in the operation and control of a vehicle, including a statutory violation amounting to negligence; violations of

---

[1] Formerly Vehicle Code, section 480.
[2] Formerly Vehicle Code, section 482.

specific statutes need not be alleged, but may be properly shown under a general averment of negligence; where a complaint alleges that defendant was negligent in the operation and control of his truck and by reason thereof a collision occurred resulting in injury or death, the pleading is sufficient to place in issue the defendant's failure to stop and render aid. (*Brooks* v. *E. J. Willig Truck Transp. Co.*, supra, 40 Cal.2d 669, 680.)

Defendant argues that the evidence did not warrant instructions on the duty to stop and render aid. However, defendant's agent drove his vehicle six-tenths (.6) of a mile further down the highway from the point of the collision and did not return, even after he discovered the fragments of glass on the rear of his trailer. While not overwhelming, this is evidence of failure to comply with the statute. Further evidence concerning the failure to stop and render aid was precluded by the trial court's ruling that it would be inadmissible since the issue was not raised by the pleadings. But, as *Brooks* makes clear, this issue is properly raised by a pleading of negligence in general terms, and it was error to rule otherwise.

The failure to stop and render aid has a two-fold significance: (1) It may result in liability for the aggravation of injuries sustained in the accident or additional injuries incurred after it; (2) it may constitute evidence of responsibility for the accident. Failure to stop and render aid is some evidence of a consciousness of responsibility for the original accident, regardless of post-collision injuries. (*Brooks* v. *E. J. Willig Truck Transp. Co.*, supra, 40 Cal.2d 669, 676; see Annot., 80 A.L.R.2d 299.) Alone, it is not sufficient to establish liability, but flight immediately after an accident is a circumstance that may be considered with other facts in the case as tending to show a consciousness of responsibility for the accident. An instruction informing the jury of this significance of the failure to stop and render aid would therefore be proper. (*Brooks* v. *E. J. Willig Truck Transp. Co.*, supra, 40 Cal.2d 669, 676.)

Since the trial court not only refused to instruct the jury on the duty to stop and render aid, but also ruled that evidence concerning it would be improper, plaintiff was denied the opportunity to prove a theory of negligence which was properly raised by the pleadings.

While the defendant further maintains that its agent did not have knowledge of the collision until he stopped the

truck and that it would have been unsafe to return to the scene, the validity of the excuse or justification for failing to comply with the statute presents a question of fact for the jury's determination. (*Gallup* v. *Sparks Mundo Engineering Co.*, 43 Cal.2d 1, 9 [271 P.2d 34].)

The order is affirmed.

McCabe, P. J., and Gardner, J. pro tem.,* concurred.

A petition for a rehearing was denied August 19, 1969.

---

*Assigned by the Chairman of the Judicial Council.