## CLARK, MINOR, ETC. *v.* MASK

No. 40577 November 18, 1957 98 So. 2d 467

66

*Sam Lumpkin,* Tupelo; *Byrd P. Mauldin,* Pontotoc, for appellants.

*J. B. Doty,* Pontotoc; *Mitchell & McNutt,* Tupelo, for appellee.

HOLMES, J.

The appellant, George Clark, a minor, appearing by his father and mother as next friends, brought this suit

in the Circuit Court of Pontotoc County against the appellee, V. B. Mask, seeking to recover damages for personal injuries alleged to have been sustained by him as a result of a collision between an automobile in which he was riding as a guest and a pickup truck driven by the appellee, V. B. Mask. The trial resulted in a verdict and judgment for the defendant below, and the plaintiff below appeals to this Court.

The collision occurred at about 6:15 o'clock on the evening of December 4, 1954, on Highway 45 about 3½ miles east of Shannon, Mississippi, in Lee County. The automobile in which the appellant was riding was a 1953 Chevrolet owned by Condie Oliver and driven by his son, Marvin Lee Oliver. The appellant was sitting on the right side of the front seat. The automobile was proceeding in an easterly direction. The pickup truck was a 1954 Chevrolet driven by the appellee and also traveling in an easterly direction on said highway and preceding the truck in which the appellant was riding. It was dark and the lights of both vehicles were on. The appellant and Marvin Lee Oliver, the driver of the Chevrolet automobile, were of the ages of about 18 and 17 years respectively. They were going to Nettleton where they had dates with two girls. The collision occurred at or near an intersection. The intersection is formed by a north and south gravel road crossing paved Highway 45, which runs in an east and west direction. The impact of the collision caused the driver of the automobile to lose control and to run off the highway. The automobile turned over one or more times and came to rest upside down on the north side of the paved highway and about 20 feet east of the intersection.

We need not further detail the evidence. It is sufficient to state, in substance, the proof for the respective parties and to say that the evidence was conflicting and presented two contradictory versions of the accident.

The proof for the appellee showed that he was driving his pickup truck east on Highway 45 at a rate of speed of about 15 miles per hour, approaching the intersection and traveling on his righthand side of the highway; that when he reached a point about 50 or 60 feet from the intersection he slowed down and signalled for a left turn at the intersection, and just before he started to turn and while his truck was still on his righthand side of the highway, the automobile in which the appellant was riding approached from behind at a rate of speed of about 65 or 70 miles per hour, and in undertaking to pass, struck the left rear of the appellee's truck and ran off the highway and turned over, causing the appellant's injuries.

The proof for the appellant showed that the driver of the automobile in which appellant was riding was traveling east on Highway 45 at a rate of speed of about 45 or 50 miles per hour; that when he was about 200 feet from the point of collision he saw the truck ahead of him and blinked his lights to indicate his intention to pass; that he then began to turn into his left lane of the highway for the purpose of passing; that the driver of the truck, without giving any signal of his intention to turn left, drove his truck to the left across the center of the highway, with his left front and rear wheels across the center line of the highway, and then as the automobile got about opposite him, turned his truck sharply to the right, causing the left rear of the truck to strike the right rear of the automobile and resulting in the appellant's injuries.

██ █ In this state of the evidence, the trial court in its instructions submitted to the jury, and we think properly so, the issue as to whether the injuries of the appellant were proximately caused or contributed to by the negligence of the appellee, or whether such injuries were solely caused by the negligence of the driver of the automobile in which the appellant was riding.

It is urged by the appellant, however, as grounds for the reversal of the judgment of the court below that the verdict of the jury is contrary to the overwhelming weight of the evidence. We do not agree. The evidence was clearly conflicting and presented an issue of fact for the determination of the jury, and the verdict of the jury is supported by substantial evidence.

██ The appellant further complains that the trial court erred in refusing his request for the following instruction:

"The Court instructs the Jury for the Plaintiff that under the law it is a violation of the Statutes to leave the scene of an accident and the fact that the Defendant left the scene of the accident is a strong presumption that he was guilty of negligence by failing to stay at the scene of the accident and render first aid to the Plaintiff and assist in calling an ambulance and discharging other duties owed to the Plaintiff."

In support of this complaint, the appellant invokes Section 8163, Vol. 6, Recompiled, Mississippi Code of 1942, which reads as follows:

"The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address, and the registration number of the vehicle he is driving and shall upon request and if available exhibit his operator's or chauffeur's license to the person struck or the driver or occupant of or person attending any vehicle collided with and shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person."

It is not disputed that the appellee failed to comply with this statute. We are of the opinion, however, that

no presumption or inference of negligence arose from such failure. We have recently so interpreted this statute in the case of Meadows v. State, 211 Miss. 557, 52 So. 2d 289, wherein the Court said:

"The statute makes it mandatory for the driver to stop such vehicle at the scene of the accident. The provisions of the statute are not limited in their application to the persons who have 'contributed to the accident', in the sense that such persons must be shown to have been at fault or to have been guilty of negligence, which was a contributing or proximate cause of the accident. It is the duty of the driver of any vehicle involved in an accident resulting in such injury to comply with the requirements of the statute; and one of the main purposes of the statute is to enable the persons injured and the officers investigating the accident to determine who was at fault, and to compel the driver of the car involved in the accident to render humanitarian assistance to the persons injured, whether he was guilty of negligence in the operation of his vehicle at the time of the accident or not."

Thus it is observed that it is the duty of a driver of a vehicle involved in an accident resulting in injury to another to comply with the requirements of the statute without regard to whether he is guilty of negligence in the operation of his vehicle at the time of the accident or not. In other words, no question of negligence is involved in the failure to comply with such statute, and hence no presumption or inference of negligence arises from such failure. We are of the opinion, therefore, that the trial court was correct in refusing the aforesaid requested instruction.

 █ It is further contended by the appellant that the trial court erred in granting to the appellee the following instruction:

"The Court instructs the jury for the Defendant that the Defendant is not in any wise chargeable with any

negligence on the part of Marvin Lee Oliver, the driver of the car in which the Plaintiff was riding. If the jury believes from the evidence that the said Marvin Lee Oliver was guilty of negligence in driving his car at an excessive rate of speed or in failing to keep his car under proper control, or in attempting to pass the Defendant's vehicle within one hundred feet of an intersection, and believes further that such negligence on the part of the said Marvin Lee Oliver was the sole proximate cause of the accident, then, the jury will find for the Defendant.''

The appellant objects to that part of the instruction which informed the jury that if they believed from the evidence that Marvin Lee Oliver was negligently attempting to pass the defendant's vehicle within one hundred feet of an intersection, and further believed that such negligence was the sole proximate cause of the accident, then the jury should find for the defendant. The instruction is predicated upon Section 8185(b), subsection 2, Volume 6 (Recompiled), Mississippi Code of 1942, providing among other things that no vehicle in overtaking and passing another vehicle shall be driven to the left side of the roadway when approaching within one hundred feet of an intersection. The proof for the appellee is that the driver of the vehicle in which appellant was riding was attempting to pass the appellee's vehicle within 50 or 60 feet of the intersection.

Section 8138, Volume 6 (Recompiled), Mississippi Code of 1942, defines an intersection as follows:

''The area embraced within the prolongation or connection of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways of two highways which join one another at or approximately at, right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict.''

The appellant contends that the intersection here involved is not such an intersection as comes within the contemplation of the statute. He relies upon the case of Frizell v. Guthrie, 222 Miss. 501, 76 So. 2d 361. The facts of that case, however, showed a driveway leading off from the highway to Guthrie's Store, and the Court correctly held that there was not involved such an intersection as came within the contemplation of the statute. We do not find that the case of Frizell v. Guthrie, supra, has any application to the case at bar. The proof in the case before us shows that the intersection was formed by a north and south graveled road crossing Highway 45 which runs in an east and west direction. The area embraced within the lateral boundary lines of the two roadways at the point of junction constituted an intersection. Pictures introduced in evidence showed clearly an intersection, and the Highway Patrolman who came to the scene shortly after the accident identified the point of junction of the two roadways as an intersection and testified that the same was marked as an intersection by the State Highway Department. We are accordingly of the opinion that the trial court was not in error in granting the aforesaid instruction complained of.

 The appellant also complains of the following instruction granted to the appellee:

"The court instructs the jury for the defendant that if you believe from the evidence in this case that Marvin Lee Oliver attempted to pass the pick-up truck without sounding his horn and if the jury believe that this action on the part of Marvin Lee Oliver was negligence and if the jury further believe that such negligence, if any, was the sole proximate cause of this accident they will find for the defendant. The Court further instructs the jury for defendant that when overtaking and passing a vehicle it is the duty of the passing vehicle to sound an audible signal before passing."

Section 8250(a), Volume 6 (Recompiled), Mississippi Code of 1942, provides:

"Every motor vehicle when operated upon a highway shall be equipped with a horn in good working order and capable of emitting sound audible under normal conditions from a distance of not less than 200 feet, but no horn or other warning device shall emit an unreasonable loud or harsh sound or a whistle. The driver of a motor vehicle shall when reasonably necessary to insure safe operation give audible warning with his horn but shall not otherwise use such horn when upon a highway."

It will be noted that the instruction complained of announces it to be the law without qualification that when overtaking or passing a vehicle it is the duty of the passing vehicle to sound an audible signal before passing. The statute, however, does not so provide. The statute imposes upon the driver of a vehicle the duty of sounding his horn when reasonably necessary to insure safe operation. This qualification was not included in the instruction and did not submit to the jury the question of determining whether or not the sounding of his horn by the driver of the vehicle in which the appellant was riding was reasonably necessary to insure safe operation. The appellee, in response to this contention of the appellant, calls attention to Section 8163, Volume 6 (Recompiled), Mississippi Code of 1942, providing that the driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle on audible signal, and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle. This section, however, deals with the duty of the driver of the overtaken vehicle and not with the duty of the driver of the overtaking vehicle. We find no statute, and counsel have cited none, which imposes upon the driver of an overtaking vehicle the absolute duty of sounding an audible signal before passing without regard to whether the sounding of such audible signal is reasonably necessary

to insure safe operation. And yet the jury were instructed that such is the law. The proof was undisputed that the driver of the vehicle in which the appellant was riding did not sound his horn before passing, or undertaking to pass the appellee's vehicle. The effect of this instruction under the proof in this case was, therefore, to peremptorily instruct the jury that the driver of the vehicle in which the appellant was riding was guilty of a violation of a duty imposed upon him by law, and, therefore, guilty of negligence. We think the granting of this instruction was reversible error. The error was not cured by any of the other instructions.

It follows that for the error of the trial court in granting this instruction, the judgment of the court below must be and it is reversed and the cause remanded.

Reversed and remanded.

*McGehee, C. J., and Lee, Arrington* and *Ethridge, JJ.,* concur.