## CIRCUIT COURT OF FREDERICK COUNTY

Cowger

v.

R & T Overland Express, Inc., et al.

June 23, 1981

Case No. (Law) 3839

By JUDGE ROBERT K. WOLTZ

This letter is in resolution of the evidentiary matter posed by the defendants' motion *in limine* previously filed.

The plaintiff sues for personal injuries alleged to have been received in a motor vehicle accident in which he was the driver of one vehicle and a truck owned by one of the defendants was being driven by its employee, the second defendant. The motion seeks to forestall introduction of evidence by the plaintiff that the defendant employee left the accident scene in a manner in the nature of a flight from it.

Decision on plaintiff's motion involves an exercise in the determination of relevancy of evidence for the purpose of its admissibility or inadmissibility. This determination touches upon two points. The first is on the admissibility of evidence of violation of a criminal statute, § 46.1-176, Code 1950, the so-called "hit-and-run" statute. The second branch of the inquiry is the actions of the defendant driver after the accident as being relevant to matters occurring immediately before and at the time of the accident.

It is the opinion of the Court that that the defendant driver violated § 46.1-176 is not admissible. The reasons

for this are two-fold. First, the statute requires a driver involved in an accident to stop at the scene of the accident and perform various statutory duties irrespective of whether the driver may have been guilty of negligence or not and the mandate of the statute extends equally to the innocent and the guilty. For that reason, evidence of violation of the statute cannot in and of itself be probative of any negligence and consequently such evidence is not relevant to that issue.

Second, violation of the statute is something which occurs *after* the accident and so cannot be probative evidence of any negligence which may have occurred before and leading up to the accident and at the time of the accident itself. Thus, violation of the statute which chronologically occurs after any negligence which may have caused or contributed to the accident is devoid of the element of causative effect, and so on this score likewise fails the test of relevancy. For a collection of cases on the point, see annotation at 80 A.L.R.2d 300, representative of which is *Clark* v. *Mask*, 232 Miss. 65, 98 So. 2d 467 (1957).

Thus, evidence to show violation or conviction of the hit-and-run statute by the defendant driver is inadmissible and the *in limine* motion is sustained in that regard.

It is the opinion of the Court, however, that the motion should be denied with respect to any evidence of flight from the scene by the defendant driver. Such evidence, it seems to the Court, is sufficiently relevant and therefore admissible not because it is direct evidence of negligence having a causative effect upon the accident, but because it may be in the nature of an admission by way of conduct by the defendant in that it may evince on the part of the defendant a consciousness of his responsibility or liability in the matter. Though certainly it raises no presumption of negligence, yet from such conduct the fact finder may reasonably draw inferences from it in deciding the question of negligence upon the whole evidence.

As a prerequisite to the admissibility of any evidence to indicate flight on the part of the defendant driver, there must have been evidence to show that there was an accident in which the defendant was involved and the knowledge or likelihood of the knowledge on his part that he was involved in it.

It is elemental that admissions against interest by a party with respect to the issues of a case are relevant and hence admissible into evidence. In fact, the admissions of a party while testifying with respect to a material issue are considered so highly relevant that the party is considered to be bound by his own testimony as to which the testimony of his witnesses to the contrary will not avail. *Massie* v. *Firmstone*, 134 Va. 450 (1922).

Not all admissions need be expressed. Evidence of implied admissions and circumstances constituting implied admissions may also be rightfully considered by the fact finder. For example, the fact that a party does not call an available and knowledgeable witness to a material fact raised a presumption that the testimony of the uncalled witness would not be favorable to the party failing to call. *Williamson* v. *Commonwealth*, 180 Va. 277 (1942). In *Blue Diamond Coal Company* v. *Aistrop*, 183 Va. 23 (1944), failure to perform physical tests on a corpse to determine the cause of death where opportunity to do so was afforded was said to justify the inference that the results of the tests would be adverse to the party failing to make them.

Failure of a party who was in a position to give material evidence, being a passenger in the front seat of a vehicle which struck a pedestrian, raises a presumption that had he testified "his testimony would not have supported his theory of the case." *Piccolo* v. *Woodford*, 184 Va. 432 (1945). The silence of a party or his failure to deny the truth of a declaration contrary to his interests and made in his presence and hearing is properly admissible as evidence, the inference being that the party would have made a denial if the declaration had not been true. *Sanders* v. *Newsome*, 179 Va. 582, 592 (1942).

The foregoing are but a few examples of admissions implied from the conduct of a party which are relevant because inferences bearing on the issues of a case may be properly drawn from them. In this jurisdiction, in criminal cases flight of an accused from the scene of a crime or to avoid arrest is conduct implying a consciousness of guilt and so admissible, though that conduct raises no presumption of guilt. *Bowie* v. *Commonwealth*, 184 Va. 381, 392 (1945), *Jones* v. *Commonwealth*, 208 Va. 370, 374 (1967). While holding that flight raises no presumption of guilt, these two cases are authority for

the proposition that such evidence is admissible as tending to show guilt and being a circumstance for consideration by the jury in connection with other facts and circumstances.

This jurisdiction, however, has not passed upon the same point with respect to civil cases involving motor vehicle accidents. Nothing has been advanced to show why the rule as it is established in this Commonwealth with respect to criminal cases should not have like application with respect to civil cases. If such evidence is proper in criminal jurisprudence as a circumstance to show consciousness of guilt, then surely the rule should be the same in civil cases for the purpose of showing consciousness by a party for responsibility or liability for his acts with relation to a motor vehicle accident.

If in *Bowie, supra,* a case of conviction for involuntary manslaughter involving the operation of a motor vehicle, evidence of flight was admissible to show the defendant's consciousness of guilt, then by analogy if the case had been a suit brought by the decedent's personal representative for wrongful death, flight from the scene should likewise be admissible for the purpose of showing the defendant's consciousness of his responsibility or liability for the death.

Therefore, contingent on evidence showing the defendant driver's involvement in the accident and his knowledge or likelihood of his knowledge of that involvement, evidence of his flight is admissible to show an implied admission by his conduct. Such evidence will not raise any presumption as to actionable negligence on his part but will simply be evidence from which the jury may draw inferences relating to the possibility of his actionable negligence. Plaintiff has cited several cases from other jurisdictions sustaining this proposition: *Olofson* v. *Kilgallon,* 291 N.E.2d 600 (Mass. 1973); *Harrington* v. *Sharff,* 305 F.2d 333 (2d Cir. 1962) (applying Vermont law); *Jones* v. *Strelecki,* 231 A.2d 558 (N.J. 1967); and *Kuykendall* v. *Edmondson,* 94 So. 546 (Ala. 1922).

Evidence of flight will not raise any presumption of actual negligence by the defendant driver but merely an inference. He, of course, may testify to make explanation and overcome any unfavorable inference to which his conduct may give rise. *Sanders* v. *Newsome, supra,* at 592, *Neece* v. *Neece,* 104 Va. 343, 348 (1905).