DAVID PETERSON, Plaintiff-Appellee, *v.* BROCK HENNING, Defendant-Appellant.

Fourth District  No. 4—82—0669

Opinion filed July 18, 1983.

Costigan & Wollrab, of Bloomington (James C. Wollrab and Michael D. Boge, of counsel), for appellant.

Jerome Mirza & Associates, Ltd., of Bloomington (Jerome Mirza, of counsel), for appellee.

JUSTICE MILLS delivered the opinion of the court:
Hit and run.
Question: Is evidence of the "run" admissible?
Answer: Yes.
We affirm.

Brock Henning appeals from a judgment on a verdict in favor of David Peterson for personal injuries sustained by Peterson when he was struck by an automobile driven by Henning. Peterson was in a bar in Bloomington, Illinois, on August 3, 1976, when he met Henning's girlfriend, Mary Mooney. Mooney and Henning had had a dispute earlier in the evening at another bar and Mooney had walked out on Henning. Shortly afterwards, Henning arrived and a shoving match ensued between Peterson and Henning over who would drive Mooney home. The three—Peterson, Henning, and Mooney—were asked to leave the bar. Peterson and Mooney left first in Peterson's truck with Henning following close behind in his car.

Eventually, Peterson pulled his truck over onto the shoulder of the road and stopped. Henning stopped about a car's length behind Peterson's truck but stayed on the road. Peterson exited his truck, with tire iron in hand, and walked back towards Henning's car. Mooney also exited the truck on the driver's side and followed Peterson. Henning testified he could see Peterson in his headlights about 20 feet in front of his car. Henning turned his wheels to the left, accelerated the car, and ducked as he saw Peterson throw the tire iron at the windshield. Henning stopped his car alongside of Peterson's

truck and called for Mooney to get in his car. Mooney attempted to start Peterson's truck and, failing to do so, joined Henning in the car. They drove about a mile down the road, pulled over, and spent the night in Henning's car. They noticed that his windshield was smashed but, according to their testimony, they did not discuss whether Peterson had been struck by Henning's car. Both Henning and Mooney testified that they neither saw nor were aware that Peterson had been struck by Henning's car. The next morning Henning and Mooney drove to an auto repair shop and had the smashed windshield replaced. Henning and Mooney eventually learned from Mooney's roommate and the roommate's boyfriend that Peterson had been injured.

Peterson was found lying in a ditch off the road at 5:30 the next morning by a passing motorist. He testified that all he could remember was leaving the bar and then waking up in a ditch when he was discovered by the motorist. Peterson underwent extensive treatment for severe injuries to his hip, abdomen, and right leg.

His two-count complaint alleged that Henning was negligent and wilful and wanton in the operation of his automobile. The jury returned a verdict in favor of Peterson finding his total damages to be $267,000, but also finding him 35% negligent. Accordingly, the jury found Peterson's recoverable damages to be $173,550. The trial court entered judgment on the verdict.

## I

■ Defendant Henning alleges several errors on appeal, the most significant of which is the trial court's denial of defendant's motion *in limine* to exclude evidence that defendant left the scene of the accident. Defendant argues that his failure to stop bore no causal relationship to plaintiff Peterson's injuries and cites several cases from other jurisdictions in support of this argument. See *Clark v. Mask* (1957), 232 Miss. 65, 98 So. 2d 467; *Schlosberg v. Doup* (1933), 187 Ark. 931, 63 S.W.2d 337; *Springer v. Adams* (1927), 37 Ga. App. 344, 140 S.E. 390.

Plaintiff counters with cases which have held that evidence of a defendant's failure to stop is admissible in personal injury suits. (See *Brooks v. E. J. Willig Truck Transportation Co.* (1953), 40 Cal. 2d 669, 255 P.2d 802; *Grzys v. Connecticut Co.* (1938), 123 Conn. 605, 198 A. 259; *Petroleum Carrier Corp. v. Snyder* (5th Cir. 1947), 161 F.2d 323; *Shaddy v. Daley* (1938), 58 Idaho 536, 76 P.2d 279; *Langenstein v. Reynaud* (1930), 13 La. App. 272, 127 So. 764.) However, even in jurisdictions which allow the admission of evidence of a defendant's failure to stop, it is acknowledged that the evidence is not

relevant to establish the proximate cause of the plaintiff's injuries. See *Grzys; Hallman v. Cushman* (1941), 196 S.C. 402, 13 S.E.2d 498; *Battle v. Kilcrease* (1936), 54 Ga. App. 808, 189 S.E. 573.

In Illinois, a motorist has a statutory duty to remain at the scene of an accident in which he is involved. (See Ill. Rev. Stat. 1981, ch. 95½, par. 11—401(a).) The violation of such a duty may result in personal liability for the aggravation of injuries sustained in the accident or additional injuries incurred after the accident. (See, *e.g., Karl v. C. A. Reed Lumber Co.* (1969), 275 Cal. App. 2d 358, 79 Cal. Rptr. 852.) In the present case, plaintiff neither alleged nor proved that he suffered either aggravated or additional injuries as a result of defendant's failure to remain at the scene of the accident. Consequently, defendant's conduct after the accident was not a proximate cause of plaintiff's injuries. However, this does not necessarily render evidence of defendant's failure to stop inadmissible.

*First*, it has been held that leaving the scene of an accident is evidence of a *wilful, wanton or reckless state of mind.* (See *Richards v. Office Products Co.* (1977), 55 Ohio App. 2d 143, 380 N.E.2d 725; *Hallman.*) In *Busbee v. Quarrier* (Fla. App. 1965), 172 So. 2d 17, 22, the court stated: "The evidence was also sufficient to support a finding of negligence on the part of the operator who apparently did not stop or otherwise show any normal reaction after striking the deceased, for these acts suggest lack of control of faculties or a degree of callousness of which no sober person would be guilty." In a hit and run accident, the defendant's wilful and wanton state of mind immediately following the accident is some evidence of a wilful and wanton state of mind at the time the accident occurred where the conduct of driving a vehicle from the scene of the accident is a continuation of the conduct which caused injury, *i.e.,* driving the vehicle into the victim. In the present case, defendant's wilful and wanton state of mind was raised by plaintiff's pleadings and was in issue at trial.

· *Second,* some courts have allowed evidence of a defendant's failure to stop as evidence of his *"consciousness of responsibility."* (*Karl; Brooks; Grzys; Shaddy; Langenstein.*) A defendant's flight from the scene of the accident can be interpreted as an admission of his negligence, for if he were "guilt free" it is reasonable to assume he would stop to ascertain the nature of the accident or the extent of the victim's injuries. Naturally, a defendant may present evidence to explain his failure to stop, as defendant attempted in the present case by testifying that he was afraid of plaintiff.

*Finally,* some courts have determined that evidence of a defendant's failure to stop raises an inference of the defendant's *negligence*

in failing to keep a proper lookout or control of his vehicle. (See *Jones v. Strelecki* (1967), 49 N.J. 513, 231 A.2d 558; *Vuillemot v. August J. Claverie & Co.* (1929), 12 La. App. 236, 125 So. 168.) If the nature of the accident suggests that the victim's presence and contact with the motor vehicle would have been known to a driver keeping a proper lookout and control of the vehicle, yet, the driver fails to stop because he was unaware of the accident, his failure to stop raises an inference of his failure to keep a proper lookout or control. In the present case, defendant testified that he saw plaintiff 20 feet in front of his car. Furthermore, the nature of plaintiff's injuries—which included a broken hip and extensive internal injuries—suggested that there was solid contact between plaintiff and defendant's car. Nevertheless, defendant testified he was not aware that he struck plaintiff. Evidence that defendant failed to stop (coupled with his testimony that he was unaware that he struck plaintiff) gives rise to an inference that defendant was negligent in failing to keep a proper lookout or control of his automobile.

We hold that evidence of defendant's leaving the scene of the accident was admissible and that the trial court did not err in denying defendant's motion *in limine* to exclude such evidence.

## II

■ Defendant next argues that the verdict was against the manifest weight of the evidence. Plaintiff's complaint alleged both negligent and wilful and wanton conduct and the jury returned a general verdict in favor of plaintiff. Defendant maintains that when both negligence and wilful and wanton counts are submitted to a jury and a general verdict is returned in favor of the plaintiff, the proof must sustain the wilful and wanton count. We disagree.

In *Moore v. Jewel Tea Co.* (1970), 46 Ill. 2d 288, 294, 263 N.E.2d 103, 106, the supreme court stated:

"It is settled law that where several causes of actions are charged and a general verdict results, the verdict will be sustained if there are one or more good causes of action or counts to support it. *** [H]ad these defendants desired to ascertain upon which count or counts the jury returned its verdicts, they could have done so by submitting a separate form of verdict as to each count. (See: Ill. Rev. Stat. 1965, ch. 110, par. 68(3).) Not having done so, they cannot complain or seek to take advantage of their failure. [Citations.]"

It is clearly the jury's function to determine the preponderance of the evidence and a reviewing court will reverse only if that determi-

nation is against the manifest weight of the evidence. (*Lawson v. G. D. Searle & Co.* (1976), 64 Ill. 2d 543, 356 N.E.2d 779; *Lau v. West Towns Bus Co.* (1959), 16 Ill. 2d 442, 158 N.E.2d 63.) We find here that the jury verdict in favor of plaintiff was not against the manifest weight of the evidence. Under the facts of this case, defendant's conduct in accelerating his automobile while plaintiff was standing 20 feet in front of the auto could reasonably be found to be *either* negligent or wilful and wanton conduct.

## III

■ Defendant also urges that the trial court erred in allowing plaintiff's motion to strike a phrase from Mary Mooney's deposition before it was read into evidence at trial. The stricken phrase reflected Mooney's opinion of the veracity of a statement made to her by plaintiff. Defendant does not argue that the phrase was admissible, but rather, contends that plaintiff waived any objection by failing to raise it at the time Mooney's deposition was taken.

Supreme Court Rule 211(c)(1) (87 Ill. 2d R. 211(c)(1)) provides:

"Grounds of objection to the competency of the deponent or admissibility of testimony which might have been corrected if presented during the taking of the deposition are waived by failure to make them at that time; otherwise objections to the competency of the deponent or admissibility of testimony may be made when the testimony is offered in evidence."

The defect of Mooney interjecting her opinion could not have been "corrected" at the time her deposition was taken. Accordingly, Supreme Court Rule 211(c)(1) permitted plaintiff to object to the testimony at the time the deposition was offered into evidence. No error.

## IV

The other issues raised by defendant on appeal have been waived—either by defendant's failure to make a timely objection at trial, raise the issue in his post-trial motion, or treat the issue in his initial brief on appeal.

The judgment of the trial court is affirmed.

Affirmed.

TRAPP and GREEN, JJ., concur.