Steven P. ROCK, Appellant,

v.

Hurlee McHENRY, Respondent.

No. WD 62036.

Missouri Court of Appeals, Western District.

Sept. 30, 2003.

Larry A. Schaffer, Independence, for appellant.

Ronald S. Smith, Independence, for respondent.

Before SMART, P.J., ULRICH and LISA WHITE HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Steven Rock appeals from a jury verdict denying his negligence claim against Hurlee McHenry for damages sustained in an automobile accident. Rock contends the trial court erred in excluding evidence of McHenry's "flight" from the accident scene. Finding no abuse of discretion, we affirm.

## Factual and Procedural History

On May 20, 1998, Steven Rock was driving his vehicle eastbound on 39th Street in Independence. Hurlee McHenry, who was driving his cousin's van, approached 39th Street as he drove northbound on Hocker Street. After stopping at a stop sign, McHenry drove into the intersection and collided with Rock's car as it crested a hill on 39th Street.

After the collision, two of Rock's passengers got out of his car. One attended to Rock, who was injured, the other approached McHenry's vehicle and asked if he was okay. McHenry responded by putting his hands on both sides of his head and gesturing with open palms. McHenry then ran from the scene of the accident to his cousin's house a block and a half away. He returned to the scene with the owner of the vehicle and was later taken to the hospital, by ambulance, with injuries. McHenry provided information to the police about the accident, although the record is unclear as to whether the investigating officers spoke to him at the accident scene or in the hospital.

Rock filed suit alleging McHenry's negligence in causing the accident. During discovery, McHenry testified his only reason for leaving the scene was to notify his cousin that the vehicle had been in an accident. McHenry ran as fast as he could so that he "could make it back to the accident to make sure everyone was alright."

At trial, McHenry's attorney filed a Motion in Limine to exclude evidence or any reference to McHenry leaving the scene of the accident. The motion argued that McHenry's brief departure was irrelevant to the elements of the negligence claim and would be unduly prejudicial if admitted. The trial court granted the motion and agreed the evidence was irrelevant because: (1) the defendant's state of mind

is not at issue in negligence cases; (2) this is not a punitive damages case where willful or wanton conduct is at issue; (3) "flight" evidence is more appropriate in cases where the defendant leaves the scene and does not return, which did not happen here; and (4) McHenry's conduct could not be considered a clear admission of liability as his alleged flight occurred in response to an inquiry about whether he was injured.

The jury reached a defense verdict denying the negligence claim. Rock appeals the trial court's exclusion of the flight evidence on relevancy grounds.

## Standard of Review

The trial court is accorded considerable discretion in ruling on the admissibility of evidence, particularly where a subjective determination of relevancy must be made. *Woodiel v. Barclay Enters., Inc.*, 858 S.W.2d 247, 252 (Mo.App. S.D. 1993). Unless that discretion is abused, the exclusion of evidence on relevancy grounds is not a basis for reversal. *Id.* On appellate review, the issue is not whether the evidence was admissible, it is whether the trial court abused its discretion in excluding the evidence. *Id.*

## Analysis

In his sole point on appeal, Rock contends the trial court abused its discretion by excluding evidence of McHenry's flight from the accident scene. Rock argues the evidence was relevant to his negligence theory at trial that McHenry failed to yield the right of way and demonstrated consciousness of liability by fleeing the scene immediately after the collision. Such evidence of flight is routinely admitted in Missouri's criminal cases to show con-

sciousness of guilt,[1] and Rock suggests it should be similarly accepted in civil cases, although the issue has not been directly addressed by our appellate courts. He notes that other courts in nine states have found flight testimony admissible in a civil action.[2]

McHenry responds that many of these out-of-state cases involved hit-and-run statutes which require a driver to stop, identify themselves, and render aid. More importantly, all arose in situations where the defendant ran from the scene and did not return. McHenry argues the cases are not instructive here because no hit-and-run statute was at issue, and the facts establish that he left to notify the owner of the vehicle about the accident and then promptly returned to the scene. McHenry also points out that four states have declined to allow flight evidence in civil cases.[3]

We agree with McHenry that the facts here do not satisfy the legal definition of "flight" as used in the context of criminal or civil cases. Black's Law Dictionary 653, (7th ed.1999), defines flight as "[t]he act or an instance of fleeing, especially to evade arrest or prosecution." Consistent with this definition, our courts have held that

evidence of flight is relevant to show consciousness of guilt when a defendant flees in order to avoid arrest and prosecution. *Rutledge*, 524 S.W.2d at 458; *Hawkins*, 582 S.W.2d at 335; *Wilson*, 725 S.W.2d at 933–34. Similarly, in civil cases, other courts have held that flight evidence is admissible upon a showing that a defendant fled for the purpose of escaping liability. *Karl*, 275 Cal.App.2d at 361, 79 Cal. Rptr. 852.

Here, McHenry left the accident scene solely to notify the owner of the vehicle he was driving. He promptly returned to the scene with the vehicle's owner and made "sure everyone was alright." McHenry made no attempt to avoid prosecution or responsibility for the accident. The police reports demonstrate he provided all information requested of him. There were others at the scene tending to Rock, so there is nothing to indicate McHenry abdicated any responsibilities he might otherwise have had in the initial minutes after the accident occurred.

 Under these circumstances, the evidence of McHenry's brief departure did not indicate his consciousness of liability and was not relevant to the negligence claim. Although it may be reasonable to

1. See *State v. Rutledge*, 524 S.W.2d 449, 458 (Mo.App. E.D.1975); *State v. Hawkins*, 582 S.W.2d 333, 335 (Mo.App. W.D.1979); *State v. Triplett*, 620 S.W.2d 398, 399 (Mo.App. E.D.1981); and *State v. Wilson*, 725 S.W.2d 932, 934 (Mo.App. E.D.1987).

2. Alabama: *Greenwood v. Bailey*, 28 Ala.App. 362, 184 So. 285 (1944); California: *Brooks v. E.J. Willig Truck Transp. Co.*, 40 Cal.2d 669, 255 P.2d 802 (1953); *Karl v. C.A. Reed Lumber Co.*, 275 Cal.App.2d 358, 79 Cal.Rptr. 852 (1969); Connecticut: *Grzys v. Conn. Co.*, 123 Conn. 605, 198 A. 259 (1938); *Kotler v. Lalley*, 112 Conn. 86, 151 A. 433 (1930); Florida: *Lynch v. McGovern*, 270 So.2d 770 (1973); *Busbee v. Quarrier*, 172 So.2d 17 (Fla.Dist.Ct. App.1965); Georgia: *Cheevers v. Clark*, 214 Ga.App. 866, 449 S.E.2d 528 (1994); *Battle v.*

*Kilcrease*, 54 Ga.App. 808, 189 S.E. 573 (1936); Idaho: *Shaddy v. Daley*, 58 Idaho 536, 76 P.2d 279 (1938); Illinois: *Peterson v. Henning*, 116 Ill.App.3d 305, 72 Ill.Dec. 203, 452 N.E.2d 135 (1983); Louisiana: *Langenstein v. Reynaud*, 13 La.App. 272, 127 So. 764 (1930); *Vuillemot v. August J. Claverie & Co.*, 12 La.App. 236, 125 So. 168 (1929); Nevada: *Horton v. Fritz*, 113 Nev. 824, 942 P.2d 134 (1997).

3. Arkansas: *Schlosberg v. Doup*, 187 Ark. 931, 63 S.W.2d 337 (1933); Mississippi: *Clark v. Mask*, 232 Miss. 65, 98 So.2d 467 (1957); Minnesota: *Gertken v. Farmers Elevator of Kensington, Minn., Inc.*, 411 N.W.2d 550 (Minn.Ct.App.1987)(fact issue); and Vermont: *Wellman v. Wales*, 97 Vt. 245, 122 A. 659 (1923).

consider flight evidence in a civil case where the defendant's conduct suggests he or she fled to avoid legal responsibilities, the trial court did not abuse its discretion in excluding the evidence upon the facts of this case. Point denied.

The judgment of the trial court is affirmed.

All concur.