**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5023-15T2

MARISSA HANLEY,

    Plaintiff-Appellant,

v.

NEW JERSEY MANUFACTURERS
INSURANCE COMPANY,

    Defendant-Respondent.

_____

Argued May 24, 2018 — Decided June 18, 2018

Before Judges Reisner, Gilson, and Mayer.

On appeal from Superior Court of New Jersey,
Law Division, Bergen County, Docket No.
L-2498-14.

Kevin E. Barber argued the cause for appellant
(Niedweske Barber Hager, LLC, attorneys; Kevin
E. Barber and Jessica L. Mariconda, on the
briefs).

Valerie A. Vladyka argued the cause for
respondent (Schenck, Price, Smith & King, LLP,
attorneys; Steven H. Daniels, of counsel;
Valerie A. Vladyka, on the brief).

PER CURIAM

Plaintiff Marissa Hanley alleges that she was injured when she was hit by a vehicle while walking across the street. She could not identify the driver or owner of the vehicle and, therefore, she sued her insurer New Jersey Manufacturers Insurance Company (insurer or NJM), asserting a claim for uninsured motorist coverage. Following a trial, a jury found that the unknown driver or owner of the vehicle was not negligent.

Plaintiff appeals from a June 23, 2016 order of judgment memorializing the jury's verdict and dismissing her complaint with prejudice. We affirm.

I.

On March 16, 2013, plaintiff attended the St. Patrick's Day parade in New York City. She testified that as she was crossing the street in a crosswalk, she was struck by an unidentified vehicle. Police and emergency medical personnel responded, and plaintiff was taken to a hospital where she was treated for head injuries.

In March 2014, plaintiff sued her insurer asserting a claim for uninsured motorist coverage. Specifically, she claimed that she sustained permanent, physical and neurological injuries as a result of a hit-and-run. The parties engaged in discovery and the case was tried before a jury for six days in June 2016. Plaintiff

presented five witnesses, including two medical experts. NJM presented three medical experts.

Plaintiff had limited recollection of the day of the accident. She testified that there was "snow" and that in the afternoon she and two friends were waiting on the sidewalk to cross the street. Plaintiff explained that she began to walk across the street in the crosswalk and she was "hit." Plaintiff clarified that she did not recall actually being hit by a vehicle.

The only eyewitness to the accident called at trial was one of plaintiff's friends. The friend testified that she was "pretty sure" that she saw a car sideswipe plaintiff. The friend could not, however, identify the make, model, or color of the car. The friend testified that the vehicle did not stop and she did not see the driver, nor could she recall where the car hit plaintiff.

The majority of the trial involved evidence concerning plaintiff's injuries. Plaintiff and her mother described plaintiff's activities and abilities before and after the accident. Plaintiff also presented testimony from two experts who opined that plaintiff's injuries were permanent and consistent with head injuries that could have resulted from being struck and knocked down by a car. As noted, the defense presented three experts who opined that plaintiff was not permanently injured.

After hearing the evidence, the jury returned a verdict of no cause of action. Specifically, the jury was asked, "[w]as the defendant XYZ Company negligent with regard to the accident of March 16, 2013?" The unanimous jury responded, "No." Plaintiff did not file a motion for a new trial. Instead, she filed this appeal.

II.

On appeal, plaintiff makes three primary arguments. First, she contends that the trial court erred in preventing her from arguing that the driver's flight after the accident was evidence of negligence. Second, she argues that defense counsel made a number of improper statements during closing arguments and those statements warrant a reversal and a new trial. Finally, she asserts that the trial court abused its discretion in a number of evidentiary rulings.[1]

---

[1] In her initial merits brief, plaintiff contended that the jury verdict was against the weight of the evidence. In her reply brief, however, plaintiff withdrew that argument because she had not filed a motion for a new trial. Rule 2:10-1 states that "the issue of whether a jury verdict was against the weight of the evidence shall not be cognizable on appeal unless a motion for a new trial on that ground was made in the trial court." Consequently, plaintiff properly withdrew that argument since it was not preserved for this appeal.

Having reviewed the record and law, we are not persuaded by any of plaintiff's arguments and we affirm the jury verdict. We will summarize and analyze each of plaintiff's arguments.

A. The Inference of Negligence from the Driver's Failure to Stop

Plaintiff contends that the trial court committed reversible error by failing to permit an inference of negligence from the unknown driver's flight from the scene of the accident. In that regard, plaintiff argues that her friend's testimony about the car's failure to stop was uncontested. Thus, plaintiff asserts that there was a "mandatory" inference of negligence. The record does not support that argument.

Plaintiff's argument about an inference of negligence is premised on the contention that the hit-and-run was uncontested. The defense, however, contested that issue. Indeed, the defense's theory of the case was that plaintiff was never struck by a vehicle and, instead, she fell and struck her head without being hit by any vehicle.

Plaintiff's contention that the trial court prevented her from submitting evidence of the hit-and-run driver's negligence is also not supported by the record. Throughout the trial, plaintiff's counsel referenced the "hit-and-run" and he made extensive arguments concerning the inference that the jury could

draw from that allegation.  For example, in his closing argument,
counsel for plaintiff stated:

> All right, and the first question you're going
> to be asked is was defendant XYZ Company
> negligent with regard to the accident on March
> 16, 2013?  The answer is a compelling yes
> . . . .  A driver shall yield right-of-way to
> a pedestrian crossing the crosswalk.  That's
> what the law was.  The driver never yielded
> to [plaintiff] . . . . He or she hit her and
> he or she fled the scene of the accident.

In arguing that the court prevented her from submitting
evidence of the driver's negligence, plaintiff referenced a
curative instruction the trial court gave following plaintiff's
opening statement.  In plaintiff's opening statement, counsel
referenced the unknown driver's absence from trial.  The court
properly provided a curative instruction informing the jury that
the parties agreed that the driver was unknown and could not be
called to testify.  That instruction did not preclude plaintiff
from arguing that the unknown driver was negligent.

Moreover, plaintiff cites no law to support a mandatory
inference.  Instead, she points to cases that allow evidence of a
hit-and-run by a driver to support a consciousness of liability.
See Miller v. Lewis, 40 Misc. 3d 499 (N.Y. Sup. Ct. 2013);[2] Rock
v. McHenry, 115 S.W. 3d 419, 421 (Mo. Ct. App. 2003); Lynch v.

---

[2] The parties agreed that New York law controlled since the
accident occurred in New York City.

McGovern, 270 So. 2d 770 (Fla. Dist. Ct. App. 1972); Jones v. Strelecki, 49 N.J. 513, 518-19 (1967); Shaddy v. Daley, 58 Idaho 536 (Idaho 1938).

Finally, to the extent plaintiff argues that the trial court erred by not charging the jury on an inference of negligence, we reject that argument because it was not raised in the trial court. Plaintiff never requested a jury charge regarding an inference of negligence, and never objected to the final jury charge. Consequently, we limit our review to a search for plain error. See R. 1:7-2 ("Except as otherwise provided by R. 1:7-5 and R. 2:10-2 (plain error), no party may urge as error any portion of the charge to the jury or omissions therefrom unless objections are made thereto before the jury retires to consider its verdict[.]"); see also State v. Belliard, 415 N.J. Super. 51, 66 (App. Div. 2010) (stating that a party "is required to challenge [jury] instructions at the time of trial or else waives the right to contest the instructions on appeal."). Having reviewed the entire jury charge in light of the record, we discern no error, and certainly no plain error that was "clearly capable of producing an unjust result." R. 2:10-2.

B. Comments Made By Defense Counsel in Closing Arguments

Next, plaintiff contends that defense counsel made a number of inappropriate remarks during his closing arguments, which were

not supported by the evidence and misled the jury. Specifically, plaintiff argues that defense counsel: (1) used plaintiff's "hearsay" statements made to a defense expert; (2) improperly referred to witnesses to the hit-and-run that never testified; and (3) used facts not in evidence to sway the jury.

In making closing arguments, counsel are accorded broad latitude, but their arguments must be "fair and courteous, grounded in the evidence, and free from any 'potential to cause injustice.'" Risko v. Thompson Mueller Auto. Grp., 206 N.J. 506, 522 (2011) (quoting Jackowitz v. Lang, 408 N.J. Super. 495, 505 (App. Div. 2009)). Accordingly, counsel should not make statements that would undermine a jury's deliberation. Id. at 522-23. In considering whether to grant a new trial because of improper comments by counsel, we consider whether opposing counsel objected and whether the trial judge gave a curative instruction. Id. at 522-24.

Plaintiff contends that defense counsel improperly referenced a statement she made to defense expert, Dr. Alweiss, that she was "struck by a taxi." At trial, Dr. Alweiss explained that he had conducted an independent medical examination of plaintiff and that she advised him that "she was crossing the street when she was struck by a taxi." Plaintiff's statement was admissible hearsay as a statement of a party opponent. N.J.R.E. 803(b)(1).

Accordingly, defense counsel's reference to plaintiff's statement was not improper.

Plaintiff also contends that defense counsel improperly argued in closing that plaintiff failed to present testimony from her other friend who was with her when the alleged hit-and-run occurred. Plaintiff's counsel objected and the court provided an immediate curative instruction directing the jurors to disregard any comments regarding witnesses who did not testify. That instruction cured any potential prejudice.

Further, plaintiff points to several remarks by defense counsel that she contends were improper. Specifically, she challenges counsel's reference to: (1) doctors' reports that were not entered into evidence; (2) hospital records that were not entered into evidence; (3) an expert's statement that no further treatment was recommended; and (4) mischaracterizations about plaintiff's lifestyle before and after the accident.

With one exception, all of these arguments pertain only to damages. As the jury found no proof of negligence, the arguments about damages are not grounds for reversing the jury verdict. Moreover, our review of these contentions in light of the record shows that they do not have sufficient merit to warrant a new trial.

A-5023-15T2

The exception was defense counsel's argument that the hospital records did not reflect that plaintiff had reported being hit by a car. When plaintiff objected to defense counsel's reference to the hospital records that were not in evidence, the court ruled that it would instruct the jury that "what the lawyers say is not evidence[,]" and would repeat the instruction as it related to experts and the use of documents that were not in evidence. We discern no abuse of discretion in the trial court's ruling that those instructions were sufficient to cure any possible prejudice. See State v. Kueny, 411 N.J. Super. 392, 403 (App. Div. 2010) (stating that a trial court's ruling that "a curative instruction was adequate to preserve a fair trial" is entitled to deference and will not be reversed absent an abuse of discretion).

C. Evidentiary Rulings

Finally, plaintiff contends that the trial court abused its discretion in three evidentiary rulings. Plaintiff argues that the trial court committed reversible error by: (1) preventing her from recalling plaintiff's mother as a rebuttal witness; (2) refusing to strike expert testimony that read inadmissible medical records into evidence; and (3) allowing an MRI not in evidence to be shown to the jury.

The trial court's evidentiary rulings are entitled to deference, and will not be disturbed absent an abuse of discretion.

<u>Belmont Condo. Ass'n, Inc. v. Geibel</u>, 432 N.J. Super. 52, 95-96 (App. Div. 2013). Accordingly, we will uphold the trial court's evidentiary rulings "unless it can be shown that the trial court palpably abused its discretion, that is, that its finding was so wide off the mark that a manifest denial of justice resulted." <u>Ibid.</u> (quoting <u>Green v. N.J. Mfrs. Ins. Co.</u>, 160 N.J. 480, 492 (1999)).

On cross-examination, plaintiff testified that her pants were wet when she was taken to the hospital. Plaintiff argues that she should have been allowed to recall her mother as a rebuttal witness. Counsel proffered that plaintiff's mother would testify that hospital personnel informed her that plaintiff had urinated on herself as a result of the trauma.

The trial court precluded that testimony because it was hearsay. Plaintiff's mother was not at the scene of the accident and had no personal knowledge of how plaintiff's pants got wet. Moreover, the statements made to plaintiff's mother by hospital personnel were hearsay. <u>See</u> N.J.R.E. 801 and 802. No exception to the hearsay rule applied. <u>See</u> N.J.R.E. 803. Accordingly, we discern no abuse of discretion in the trial court's ruling. <u>See</u> <u>Casino Reinvestment Dev. Auth. v. Lustgarten</u>, 332 N.J. Super. 472, 497-98 (App. Div. 2000) (explaining that a trial court's decision

to exclude rebuttal testimony is reviewed for an abuse of discretion).

The other two evidentiary rulings that plaintiff challenges go to the issue of damages. Again, because the jury found that plaintiff failed to prove negligence, those rulings could not have affected the jury's verdict on negligence. Moreover, a substantive review of those evidentiary rulings demonstrates that the trial court did not abuse its discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5023-15T2